### W. J. FINNEY v. THE STATE.
*No. 3516.    Decided November 8.*

1.  **Charge of the Court.**—Indictment charged that the defendant acted together with another in the commission of the offense. Evidence was admitted showing that the defendant acted alone, and the defense requested the court to instruct the jury to the effect that the words "acting together" were words descriptive of the offense, and unless proved would constitute variance between *allegata* and *probata*. *Held*, that the words "acting together" do not constitute a descriptive allegation, may be treated as

mere surplusage, and need not be proved. The trial court did not err in admitting the evidence that defendant acted alone, nor in refusing the special instruction.

2. Same.— Charge of the Court defined the term "wilful" as "without reasonable ground for believing the act to be lawful, or a reckless disregard of the rights of others." *Held,* substantially correct and sufficient.

3. Same — Practice in Misdemeanor Cases.— That the trial court gave an erroneous charge at the instance of the State is no ground for reversal if the error be not fundamental and the defendant fails to request a corrective instruction.

APPEAL from the County Court of Kaufman. Tried below before Hon. John Vesey, County Judge.

This conviction was for wilfully disturbing religious worship, and the penalty assessed by the verdict was a fine of $25.

The rulings on this appeal do not require a statement of the case.

*Woods & Gossett,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WILLSON, JUDGE.—The allegation in the indictment that the defendant "acted together" with another in the commission of the offense is not a descriptive allegation, is surplusage, and it was not essential that it should be proved by the evidence. There was no error in admitting testimony proving that defendant acted alone in the commission of the offense, nor in refusing the special charge requested by the defendant as to variance between allegation and proof. Watson v. The State, 28 Texas Ct. App., 34.

By the charge of the court the jury was instructed that the term "wilful" signified "without reasonable ground for believing the act to be lawful, or a reckless disregard of the rights of others." We think this instruction substantially correct and sufficient. Loyd v. The State, 19 Texas Ct. App., 321.

It was error perhaps to give the instruction requested by the State, but the defendant failed to seek a correction of the error by requesting a proper instruction, and the error not being fundamental does not constitute reversible error. Loyd v. The State, *supra.*

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.