### Ex Parte CHOYNSKI ET AL.

No. 2314. Decided March 20, 1901.

**Habeas Corpus—Prize Fighting—Excessive Bail.**

On an application by habeas corpus for reduction of bail, where the grand jury had refused to indict defendant for prize fighting, but were reinstructed by the court and had not adjourned, Held, applicants were not entitled to discharge until the grand jury adjourned for the term; but the bail fixed by the court at $2500 each, is, under the circumstances, excessive, and is reduced to $1000 each.

APPEAL from the Criminal District Court of Galveston. Tried below before Hon. A. C. ALLEN.

Appeal from an order of court, under habeas corpus proceedings, refusing to reduce bail.

This case grows out of a bill of complaint filed in the corporation court of the city of Galveston on the 25th day of February, 1901, charg-

ing relators, Joseph B. Choynski and Jack Johnson, with the commission of prize fighting—a felony under the laws of Texas. Said court, sitting as an examining court on the 26th day of February, held relators to await the action of the grand jury of Galveston County at the March term of the District Court of said county, in bail of $5000, in default of which relators were committed to the custody of the sheriff of said county.

On the 6th day of March relators presented their petition for a writ of habeas corpus to the judge of the Criminal District Court of Galveston County, said court being then in regular term session. Said petition was granted and the writ issued. While said matter was pending before said court, on relators' petitions for the writ and for reduction of bail, and before the court had heard said cause, or entered judgment thereon, the grand jury of said county, which had been impaneled on the first day of the term, to wit, on March 4th, and which had been instructed and charged by the court to investigate the particular offense with which relators were charged, and to report thereon to the court at once, made report thereon in writing on the morning of the 8th day of March, which said report was officially addressed to the court and officially signed by said grand jury, and duly filed along the papers in said cause, said report of said grand jury officially informing the said court that the said grand jury had fully investigated the offense of prize fighting charged against these relators, calling them by name, and that the grand jury *found no bill.*

Immediately thereupon, while said habeas corpus was still pending, and before it had been called for trial, relators filed their motion to have the prosecution against them dismissed, and that they be discharged. The State's special counsel filed a motion resisting said motion of relators; resisting motion was not verified by oath, nor was any affidavit in support thereof made or filed as a part of said motion. And said State's motion signed by special counsel showed no cause why these relators should be detained in custody.

The court overruled the motion of relators to dismiss the prosecution, and for their discharge, and relators excepted, and reserved their bill.

The court then immediately proceeded to hear the petition of relators on their prayer for habeas corpus for reduction of bail, and fixed their bail to await the action of the present or some future grand jury at the sum of $2500, in default of which relators were again committed to the sheriff of said county, and are now and have ever since said time remained in the county jail of said county. Relators excepted to this, and reserved their bill.

On the morning of the 9th day of March, 1901, the day after the grand jury had made their written official report to said court, which was filed in said court, the judge of said court again called the grand jury before him, and again charged them as to the offense of prize fighting, and recommitted the cause of relators again to the same grand

jury, and instructed them not to bring in a report until the last day of the term, stating that the term did not adjourn until the 30th day of March, 1901. Relators excepted to all of said charge, language and actions of said court to said grand jury, and reserved their bill. Relators in open court gave notice of appeal on the 8th day of March, 1901.

*Marsene Johnson* and *John C. Walker,* for relators.

*D. E. Simmons,* Acting Assistant Attorney-General, for respondent.

DAVIDSON, Presiding Judge.—Appellants were arrested charged with "prize fighting," and the bond of each fixed at $5000. Being unable to give this bond, they resorted to the writ of habeas corpus, and the district judge, upon hearing the same, reduced the bail to the sum of $2500 each. Appellants claim this amount is excessive, and they are totally unable to give such bond. The record shows their inability to give bond in this amount. The punishment for this offense is not less than two nor more than five years confinement in the penitentiary. It also shows that the grand jury refused to indict appellants for this offense, and so reported to the court; but that body was reinstructed by the court with reference to the matter and the court being still in session indictment may be returned. Under the statute it seems they are not entitled to their discharge in any event until the adjournment of the grand jury for the term. Under the circumstances we believe the amount of the bail fixed by the trial judge is excessive, and amounts to a deprivation of bail, and we therefore fix the amount of the bail at $1000 each; and upon giving bond in this sum, in accordance with the terms of the law, they will be released from custody.

*Bail reduced.*