## BRADLEY v. STATE.

(Court of Criminal Appeals of Texas. March 8, 1911. On Rehearing, March 29, 1911. On Further Motion for Rehearing, April 19, 1911.)

1. BAIL (§ 65*) — APPEAL — RECOGNIZANCE — SUFFICIENCY.

An appeal must be dismissed where the recognizance does not show that accused has been convicted of any offense, or that any punishment has been assessed against him.

[Ed. Note.—For other cases, see Bail, Cent. Dig. § 285; Dec. Dig. § 65.*]

2. CRIMINAL LAW (§ 1056*)—APPEAL—QUESTIONS REVIEWABLE.

In a misdemeanor case, accused must except to the instructions at the time, and must ask additional instructions, and, unless he does so, the instructions will not be reviewed on appeal unless radically wrong.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. 2668, 2670; Dec. Dig. § 1056.*]

On Further Motion for Rehearing.

3. CRIMINAL LAW (§ 1133*)—APPEAL—QUESTIONS REVIEWABLE.

Accused in a misdemeanor case may not for the first time raise the question on rehearing that the court erred in not charging on circumstantial evidence.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2984; Dec. Dig. § 1133.*]

Appeal from Scurry County Court; C. R. Buchanan, Judge.

R. T. Bradley was convicted of larceny, and he appeals. Affirmed.

Payne & Perkins, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. The appellant was tried in the county court of Scurry county, charged with the offense of theft of property under $50 in value.

[1] The Assistant Attorney General has filed a motion to dismiss the appeal because of the insufficiency of the recognizance, in that the recognizance does not show that defendant has been convicted of any offense, or that any punishment has been assessed against him. The recognizance not being in the form required by law, and not containing in substance the necessary allegations, the motion is sustained, and this cause is dismissed.

On Rehearing.

At a former day of this term this cause was dismissed because of insufficient recognizance. Under the provisions of the Code he has filed a new recognizance, and we will now consider the case on its merits.

Appellant was convicted of the theft of a wagon sheet from R. W. Cunningham. Cunningham testified that the wagon sheet stolen from him was 12 by 16, made of 12 or 14 ounce ducking. It had on it in three printed lines—one, "Made By"; second, "San Antonio Tent and Awning Co."; third, "San Antonio, Texas." In each end of the sheet was one strand of untwisted rope, and in the loops on each side were tied twine strings. It was taken without his consent. Ed. Kelly, marshal of Snyder, testified that Cunningham reported the loss to him, and in searching for it that day about 3 o'clock he found in possession of defendant a sheet meeting that description in every respect. At the time of his arrest and at no other time did defendant account for his possession of the wagon sheet. He was convicted, and his punishment assessed at 30 days in jail.

[2] Defendant requested no special instructions, and reserved no bills of exceptions to the evidence or the charge of the

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

court. This being a conviction for a misdemeanor, the law is, as said by Judge Davidson in Dunbar v. State, 34 Tex. Cr. R. 596, 31 S. W. 401: " 'In misdemeanor cases the defendant must except to the charge of the court at the time, and must ask such additional instructions as he may desire; and, unless he does so in the court below, such charge will not be revised unless radically wrong.' Loyd v. State, 19 Tex. App. 321; Day v. State, 21 Tex. App. 213, 17 S. W. 292; Comer v. State, 26 Tex. App. 509, 10 S. W. 106; Cole v. State, 28 Tex. App. 536, 13 S. W. 859, 19 Am. St. Rep. 856; Garner v. State, 28 Tex. App. 561, 13 S. W. 1004; Finney v. State, 29 Tex. App. 184, 15 S. W. 175. Exceptions were not reserved to the charge, and special instructions were not requested."

The judgment is affirmed.

## On Further Motion for Rehearing.

At a former day of this term the judgment herein was affirmed, and defendant has filed a motion for rehearing, insisting that the opinion in this case is in conflict with the case of McConico v. State, 133 S. W. 1047. In that case it was held that, as the evidence did not show that the property taken was without the consent of the owner, it was fatal, and the case was reversed. If the evidence in this case did not show that the property was taken without the consent of the owner, we would not hesitate to reverse it, but on page 4 of the transcript the owner testifies: "On the morning of September 30th I went down to the wagon yard before daylight and my wagon sheet was gone. I looked around there thoroughly and continued my search for several hours, but could not find it. This wagon sheet was taken from my possession without my consent in the county of Scurry and state of Texas."

[3] Appellant also insists that in this case the court should have charged on circumstantial evidence. The defendant asked no special instructions, did not complain in his motion for a new trial that the court did not charge on circumstantial evidence, and it is too late to raise this question on a motion for a rehearing in a misdemeanor case in this court. See authorities cited in original opinion.

The motion for rehearing is overruled.