### JOHN BAUMGARNER v. THE STATE.

No. 1637.   Decided December 20, 1911.

**1.—Breach of Peace—Bill of Exceptions—Requested Charges.**

Where, upon trial of breach of the peace, there were no bills of exception taken to the action of the court in refusing defendant's requested charges, the same could not be reviewed; besides, there was no error.

**2.—Same—Motion for New Trial—Practice on Appeal.**

An objection in the motion for new trial that the court erred in refusing defendant's special instructions is too general to be considered.

**3.—Same—Sufficiency of the Evidence.**

Where, upon trial of disturbing the peace, the evidence sustained a conviction, there was no error.

**4.—Same—Evidence—Bill of Exceptions.**

Where there was no bill of exceptions in the record to the introduction of testimony, there was nothing to review.

**5.—Same—Charge of Court—Practice on Appeal.**

Where the complaint to the charge of the court is made for the first time in defendant's amended motion for new trial, in a misdemeanor case, the same can not be considered on appeal; besides, there was no error, as the court's charge was substantially in the language of the statute.

Appeal from the County Court of Eastland.   Tried below before the Hon. E. A. Hill.

Appeal from a conviction of disturbing the peace; penalty, a fine of $100.

The opinion states the case.

*J. R. Stubblefield,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—Appellant was indicted by the grand jury of Eastland County, charging that he did unlawfully, in the presence

and hearing of Callie Winston and Annie Winston, curse and abuse them and used violently abusive language to and concerning them under circumstances calculated to provoke a breach of the peace. The appellant was tried under that charge, found guilty and his punishment fixed at a fine of $100.

The court substantially submitted the case under the indictment and in accordance with the proof. The evidence by the State is full and clear and establishes the allegations in the indictment.

There is not a single bill of exceptions in the record. The appellant asked three special charges which were refused. The first one is not based on any evidence in the case. The second was substantially covered by the main charge of the court. The third was to the effect that if the defendant cursed or abused said Annie and Callie Winston, if it occurred in appellant's house and on account of that fact, the same was not reasonably calculated to provoke a breach of the peace, and they would acquit the appellant. We can not understand why the appellant would not be guilty whether he cursed and abused the parties in his own house or in the house of another or not in any house at all. Besides, no bill of exceptions was taken to the action of the court in refusing this or either of the other special charges requested by appellant. This must be done in misdemeanor cases, and where not done, error can not be predicated thereon. This is the uniform holding of this court, long established and adhered to. Bradly v. State, 136 S. W. Rep., 446, and cases therein cited.

Besides this, the appellant, in his motion for new trial, simply says the court erred in refusing to grant the defendant's special charge No. 1, in one paragraph, and the same of No. 2 in another paragraph and the same of No. 3 in another paragraph. This is too general, as has been settled by a long line of decisions of this court, to require the consideration of such grounds of the motion.

Appellant, in one ground of his motion for new trial, claims that the evidence is insufficient to justify the verdict. In reply to this, we state that the testimony of the two State's witnesses clearly and convincingly shows that the appellant did curse and abuse Annie and Callie Winston and used the most opprobrious, offensive and outrageous epithets to them and each of them that could be used by any person. His abusive language and conduct towards them on this occasion was such as to cause both of them to leave their home and the home of their mother and not return thereto. These parties were young ladies from fifteen to seventeen years of age at the time this offense occurred and were the daughters of his wife, appellant's stepdaughters.

In some of the grounds of the motion for new trial appellant complains of the introduction of certain evidence shown, as stated therein, by a bill of exceptions. There is no such bill of exceptions in the record and there is nothing to show that the testimony was objected to at the time it was introduced. This can not, therefore, be considered by us.

In appellant's amended motion for new trial he complains of this portion of the court's charge: "You are instructed that if any person shall, in the presence and hearing of another curse or abuse such person, or use violently abusive language to such person, concerning him or any of his female relatives, under circumstances reasonably calculated to provoke a breach of the peace, he shall be deemed guilty of a misdemeanor." Because the indictment did not charge that the appellant used violently abusive language concerning any of the female relatives of said Callie and Annie Winston and the charge was not confined to the allegations contained in the indictment, was unauthorized and highly prejudicial because said prosecuting witnesses testified to facts which may have been construed to refer to their female relatives.

This complaint was first made in appellant's amended motion for a new trial. No objection seems to have been made to it at the time of the trial and no special charge was requested by appellant to in any way cure the defect therein, if it was a defect. As stated above, the prosecuting witnesses were the appellant's stepdaughters. Each of them testified that the appellant cursed them, calling them liars, sons-of-bitches and negro whores; that on the same occasion he again cursed them and called them all kinds of ugly names and called them whores and bitches. That he then undertook to take a strop to them and whip them; that they ran from him and he ordered them off of the place and they left and had never returned. We are not prepared to say, under the circumstances, that the term in the charge complained of that the abusive language was concerning their "female relatives" was error. In our opinion it could not have misled the jury. Besides, it was not complained of at the time and no special charge requested correcting it if it was error.

The said portion of the charge complained of is in the statement of the case to the jury of what the law is on the subject and quoted, if not literally, substantially the article of the statute under which the prosecution was had. Penal Code, article 599. When the court submitted the case to them for their finding, he did not submit that question, that is, abusive language to them concerning their "female relatives," but specifically submitted to them that if the appellant cursed and abused, and used violently abusive language towards them and concerning them in their presence and hearing, and that if such abusive language and cursing of them was established beyond a reasonable doubt, and that under the circumstances, it was reasonably calculated to provoke a breach of the peace, to find appellant guilty. So that in no contingency was the appellant in any way injured by the court substantially quoting the statute under which the indictment was had. Code Criminal Procedure, article 723.

The judgment will be affirmed.

*Affirmed.*