BUMGARNER v. STATE.

(Court of Criminal Appeals of Texas. Dec. 20, 1911.)

1. CRIMINAL LAW (§ 814*)—TRIAL—INSTRUCTIONS—REQUESTS—APPLICABILITY TO EVIDENCE.

A request for an instruction in a criminal prosecution was properly refused, where based on no evidence in the case.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1821; Dec. Dig. § 814.*]

2. CRIMINAL LAW (§ 829*)—TRIAL—INSTRUCTIONS—REQUESTS COVERED BY CHARGE OF COURT.

A requested instruction in a criminal prosecution was properly refused where substantially covered by the charge of the court.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2011; Dec. Dig. § 829.*]

3. BREACH OF THE PEACE (§ 1*)—DEFENSES.

That a cursing and abuse of females occurred in the house of the person indicted therefor will not excuse the offense, as the place thereof is immaterial.

[Ed. Note.—For other cases, see Breach of the Peace, Cent. Dig. §§ 1–3; Dec. Dig. § 1.*]

4. CRIMINAL LAW (§ 1056*) — APPEAL AND ERROR—RESERVATION OF GROUNDS—EXCEPTIONS.

To preserve for review the refusal of a requested charge in a prosecution for a misdemeanor, a bill of exceptions must be taken thereto.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2668; Dec. Dig. § 1056.*]

5. CRIMINAL LAW (§ 1064*)—APPEAL—QUESTIONS REVIEWABLE—SUFFICIENCY OF MOTION FOR NEW TRIAL.

A motion for a new trial in a criminal prosecution, which simply says that the court erred in refusing to grant a party's special charge "in one paragraph," is too general to preserve the alleged error for review on appeal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2676–2684; Dec. Dig. § 1064.*]

6. BREACH OF THE PEACE (§ 8*)—SUFFICIENCY OF EVIDENCE.

In a prosecution for cursing, and abusing certain persons under circumstances calculated to provoke a breach of the peace, evidence held sufficient to justify a verdict of guilty.

[Ed. Note.—For other cases, see Breach of the Peace, Cent. Dig. § 6; Dec. Dig. § 8.*]

7. CRIMINAL LAW (§ 1090*)—APPEAL AND ERROR — RESERVATION OF GROUNDS — BILL OF EXCEPTIONS.

The introduction of evidence in a criminal cause cannot be reviewed on appeal, where there is no bill of exceptions in the record showing that the testimony was objected to at the time it was introduced.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2816; Dec. Dig. § 1090.*]

8. CRIMINAL LAW (§ 1038*)—APPEAL—OBJECTIONS TO INSTRUCTIONS — EFFECT OF FAILURE TO OBJECT.

A charge in a criminal prosecution cannot be complained of on appeal, where it was neither complained of at the time nor a special charge requested correcting it.

[Ed. Note.—For other cases, see Criminal Law, Cent Dig. § 2646; Dec. Dig. § 1038.*]

9. CRIMINAL LAW (§ 1172*)—APPEAL—HARMLESS ERROR.

Where a portion of a charge complained of, though not in the language of the indictment, was in the statement to the jury of what the law in the case was and substantially quoted the article of the statute under which the prosecution was had, the defendant was not injured by the charge and cannot complain.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3154–3163; Dec. Dig. § 1172.*]

10. CRIMINAL LAW (§ 823*) — APPEAL—IMPROPER INSTRUCTIONS—CURE BY OTHER INSTRUCTIONS.

Though a portion of a charge in a criminal cause did not charge the offense in the language of the indictment, where it was in the statement of the law of the case to the jury, and where in the charge submitting the cause to the jury for their finding the court used the language of the indictment, the defendant was not injured by the charge.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1992–1995; Dec. Dig. § 823.*]

Appeal from Eastland County Court; E. A. Hill, Judge.

John Bumgarner was convicted for the utterance of abusive language calculated to produce a breach of the peace, and appeals. Affirmed.

J. R. Stubblefield, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, J. Appellant was indicted by the grand jury of Eastland county charging that he did unlawfully, in the presence and hearing of Callie Winston and Annie Winston, curse and abuse them and used violently abusive language to and concerning them under circumstances calculated to provoke a breach of the peace. The appellant was tried under that charge, found guilty, and his punishment fixed at a fine of

---

$100. The court substantially submitted the case under the indictment and in accordance with the proof. The evidence by the state is full and clear and establishes the allegations in the indictment.

There is not a single bill of exceptions in the record. The appellant asked three special charges which were refused.

[1] The first one is not based on any evidence in the case.

[2] The second was substantially covered by the main charge of the court.

[3] The third was to the effect that if the defendant cursed or abused said Annie and Callie Winston, if it occurred in appellant's house and on account of that fact, the same was not reasonably calculated to provoke a breach of the peace, and they would acquit the appellant. We cannot understand why the appellant would not be guilty whether he cursed and abused the parties in his own house, or in the house of another, or not in any house at all.

[4] Besides, no bill of exceptions was taken to the action of the court in refusing this or either of the other special charges requested by appellant. This must be done in misdemeanor cases, and, where not done, error cannot be predicated thereon. This is the uniform holding of this court long established and adhered to. Bradley v. State, 136 S. W. 446, and cases therein cited.

[5] Besides this, the appellant, in his motion for new trial, simply says the court erred in refusing to grant the defendant's special charge No. 1, in one paragraph, and the same of No. 2 in another paragraph, and the same of No. 3 in another paragraph. This is too general, as has been settled by a long line of decisions of this court, to require the consideration of such grounds of the motion.

[6] Appellant in one ground of his motion for new trial claims that the evidence is insufficient to justify the verdict. In reply to this, we state that the testimony of the two state's witnesses clearly and convincingly shows that the appellant did curse and abuse Annie and Callie Winston and used the most opprobrious, offensive, and outrageous epithets to them and each of them that could be used by any person. His abusive language and conduct towards them on this occasion was such as to cause both of them to leave their home and the home of their mother and not return thereto. These parties were young ladies from 15 to 17 years of age at the time this offense occurred and were the daughters of his wife, appellant's stepdaughters.

[7] In some of the grounds of the motion for new trial appellant complains of the introduction of certain evidence shown, as stated therein, by a bill of exceptions. There is no such bill of exceptions in the record, and there is nothing to show that the testimony was objected to at the time it was introduced. This cannot, therefore, be considered by us.

In appellant's amended motion for new trial he complains of this portion of the court's charge: "You are instructed that if any person shall, in the presence and hearing of another, curse or abuse such person, or use violently abusive language to such person, concerning him or any of his female relatives, under circumstances reasonably calculated to provoke a breach of the peace, he shall be deemed guilty of a misdemeanor." Because the indictment did not charge that the appellant used violently abusive language concerning any of the female relatives of said Callie and Annie Winston, and the charge was not confined to the allegations contained in the indictment, was unauthorized and highly prejudicial, because said prosecuting witnesses testified to facts which may have been construed to refer to their female relatives. This complaint was first made in appellant's amended motion for a new trial. No objection seems to have been made to it at the time of the trial, and no special charge was requested by appellant to in any way cure the defect therein, if it was a defect. As stated above, the prosecuting witnesses were the appellant's stepdaughters. Each of them testified that the appellant cursed them, calling them "liars," "sons of bitches," and "negro whores"; that on the same occasion he again cursed and called them all kinds of ugly names and called them "whores" and "bitches"; that he then undertook to take a strop to them and whip them; that they ran from him, and he ordered them off of the place, and they left and had never returned. We are not prepared to say, under the circumstances, that the term in the charge complained of that the abusive language was concerning their "female relatives" was error. In our opinion it could not have misled the jury.

[8] Besides, it was not complained of at the time, and no special charge requested correcting it if it was error.

[9, 10] The said portion of the charge complained of is in the statement of the case to the jury of what the law is on the subject and quoted, if not literally, substantially the article of the statute under which the prosecution was had. P. C. 1895, art. 599. When the court submitted the case to them for their finding, he did not submit that question—that is, abusive language to them concerning their "female relatives"—but specifically submitted to them that if the appellant cursed and abused and used violently abusive language towards them and concerning them in their presence and hearing, and that if such abusive language and cursing of them was established beyond a reasonable doubt, and that under the circumstances it was reasonably calculated to provoke a breach of the peace, to find appel-

lant guilty. So that in no contingency was the appellant in any way injured by the court substantially quoting the statute under which the indictment was had. C. C. P. 1895, art. 723.

The judgment will be affirmed.