Charley McKnight v. The State.

No. 7463.   Decided February 21, 1923.

1.—Manufacturing Intoxicating Liquor—Continuance.

Where the record did not show that defendant made any effort to secure the attendance of the witnesses, after the former application for a continuance was granted, there was a want of diligence.

2.—Same—Jury and Jury Law—Indictment—Bill of Exceptions.

Where a juror on his voir dire stated that he would try the case according to the law and the evidence, and would wholly ignore the indictment as an item of evidence, and the bill of exceptions was filed by the court prepared in lieu of the one by appellant, and there was no bystander's bill, there was no reversible error. Following Thomas v. State, 83 Texas Crim. Rep., 325.

3.—Same—Evidence—Still for Making Liquor.

Where the testimony did not specify any particular still but it appeared that defendant acted upon the information which he had received, and that he and another were found operating the still, there was no error in receiving such testimony.

4.—Same—Evidence—Circumstances.

There was no error in receiving the testimony that defendant had recently bought lumber of certain dimensions as a circumstance in the trial for manufacturing intoxicating liquor.

5.—Same—Identity of Defendant.

Where, upon trial of manufacturing intoxicating liquor, the only questions presented was the identity of defendant, and there being sufficient testimony to warrant the verdict of the jury, there was no reversible error.

Appeal from the District Court of Titus.   Tried below before the Honorable R. T. Wilkinson.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—Conviction is for the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

The only question presented is the identity of the appellant as the offender.   According to the State's evidence, the appellant and one

Tow were heard talking about going and getting a still. Acting upon this information, officers went to a certain place where they found a still in operation and saw the appellant and Tew present and taking part in its operation. They had a companion who was not recognized. Observing the officers, the parties at the still fled. Shots were fired during their flight. Appellant was arrested some days afterwards. One of the witnesses was definite in his recognition of the appellant, and another also testified to his identity, though he admitted on cross-examination that there was some uncertainty. A hat was found at the still which was identified by the State's witnesses as having been worn by the appellant.

Appellant denied having any connection with the offense and presented the theory of alibi. He claimed that he was at a lake some distance from the place of arrest; that Tew was with him and that other parties were nearby.

A motion to continue was made on account of the absence of three witnesses. One of them, according to the recollection of the judge, appeared but was not called as a witness. It was the second application, as we understand the record, because of the same witnesses. It contained no averment to the effect that the absent testimony was not cumulative. If we properly understand its averment, it does not show that any effort was made to secure the attendance of the witnesses after the former application for a continuance was granted.

One of the jurors stated on his voir dire that he would regard the indictment as a circumstance against the appellant. The court admonished him that the indictment could not be so considered, and after receiving this information, he testified that he would base his verdict solely upon the testimony and would wholly ignore the indictment as an item of evidence. This bill was prepared by the court. It was challenged by an exception but not by a bystander's bill. The court having filed the bill in lieu of that prepared by the appellant, it could be controverted alone by a bill prepared under the statute permitting a bystander's bill. See Exon v. State, 33 Texas Crim. Rep., 461 ; Thomas v. State, 83 Texas Crim. Rep., 325.

There was no error, we think, in receiving the testimony of the witness Horton that he heard the appellant and Tew talking about getting a still. His testimony does not specify any particular still, but it appears that he acted upon the information received and that appellant and Tew were found operating the still in question.

A part of the still, which was called the "flake stand," was built of some new lumber of certain dimensions. The court did not err in receiving the testimony that the appellant had recently bought lumber of that character, quantity and dimensions. It was a relevant circumstance though it may have been of little weight.

As stated above, the only issue presented for review is that of identity. Upon this the State's testimony, if believed, was sufficient. The

jury's verdict reflects their belief in its truth. They have settled the controversy in a manner that is binding upon this court.

The judgment is affirmed.

*Affirmed.*