RICHARD BRISCOE V. THE STATE.

No. 13245.   Delivered April 16, 1930.
Reported in 27 S. W. (2d) 190.

The opinion states the case.

*Mason Maney* of Pearsall, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft by bailee, a felony; the punishment, confinement in the penitentiary for two years:

The injured party let appellant have a cow and calf. Appellant was to furnish the feed for the cow and take care of her in consideration of the milk he was to receive. According to the testimony of the state, appellant sold the calf without the permission of the injured party and appropriated the proceeds to his own use and benefit. Appellant admitted that he sold the calf, but declared that it was with the permission of the injured party.

Appellant's counsel has filed in this court certified copies of proceedings had in a lunacy hearing in the county court of Frio County. It appears from these instruments that appellant has been adjudged to be insane and that, pursuant to said judgment, he has been placed in the Hospital for the Insane at San Antonio. Appellant's counsel files in this court his motion wherein he requests that the disposition of this cause be indefinitely postponed. The motion is overruled. We know of no statute which would authorize this court to in-

definitely postpone the disposition of a case on appeal because of the fact that the accused had subsequent to his conviction been adjudged to be insane.

In his motion for new trial appellant alleged that the jury, after retiring to deliberate upon the case, received other testimony. The specific complaint is that, before it had been determined that appellant was guilty, one of the jurors stated, in the presence and hearing of the jury, that appellant had theretofore killed his own wife and a man, and that no indictment had been returned against him. It affirmatively appears that the testimony complained of had not been received in evidence during the trial. The evidence heard upon the motion supports the allegation concerning misconduct. It appears therefrom that the jury discussed the fact that appellant had theretofore killed his own wife and a man, and that he had not been indicted therefor. It was uncontroverted that this discussion took place before the jury had determined that appellant was guilty.

We are of the opinion that the learned trial judge fell into error in refusing to grant appellant's motion for a new trial. Subdivision 7, Art. 753, C. C. P., provides that a new trial shall be granted in cases of felony where the jury, after having retired to deliberate upon the case, have received other testimony. Information given by one of the jurors to the others is new and other testimony within the meaning of the statute. McDougal v. State, 81 Tex. Cr. R. 179, 194 S. W. 944, L. R. A. 1917 E 930; Hanks v. State, 99 Tex. Cr. R. 218, 269 S. W. 106. Where, after retiring, the jury receive other evidence damaging to appellant, the presumption of injury will obtain. Brown v. State, 276 S. W. 929; Holland v. State, 298 S. W. 898.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.