JOHN STRAYLEY v. THE STATE.

No. 13878. Delivered January 7, 1931.

The opinion states the case.

*McGaugh & Darroch,* of Brownwood, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, two years in the penitentiary.

The facts support the verdict. Same show that upon permission officers searched appellant's car and found therein three half-gallon jars of whisky. Appellant testified that he had same for his own personal use and for medicine for his wife. These theories were pertinently submitted and solved by the jury adversely to appellant's contention.

We find in the record two bills of exception, each complaining of argument made in behalf of the State. The first complaint is of the argument to the effect that appellant did not need to drive from Waco to San Saba in order to get liquor for his own use or for medical purposes, that there were any number of bootleggers in the city of Waco from whom he could buy liquor for his own use, and if he wanted liquor for his wife's use he could get it from the doctors in Waco and would not be getting rot gut liquor from bootleggers in San Saba County. This was objected to upon the ground that there was no evidence in the record warranting any argument that appellant made the trip from Waco to San Saba for the purpose of purchasing liquor, and there was no evidence that the defendant could buy liquor from any number of bootleggers in Waco, or that he could obtain prescription liquor in Waco. We find nothing in the bill of exception in anywise certifying to the correctness of the facts relied upon in the objections made. For aught the bill shows the testimony in, the case may have been entirely in accord with the claims made by the State's attorney in his argument. We are unable to see the analogy between this argument and that condemned in Tubb v. State, 114 Texas Crim. Rep., 380, 25 S. W. (2d) 340. The argument objected to in the Tubb case appeared to be an entire misstatement of the law and in a manner wholly contrary to that stated by the court in his charge to the jury. In the case before us the discussion was as to facts, and as observed, there is no showing as to these facts.

The argument complained of in the second bill of exception, if we understand same, consisted only of an expression of the conclusion of the State's attorney that the jury would have a right to convict upon proof of possession of more than a quart of intoxicating liquor, even though the accused should have claimed that he possessed same for his

own use or for medicine. We see no reason for doubting the correctness of such argument.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*