ROY DURBIN v. THE STATE.

No. 14017. Delivered March 11, 1931.

The opinion states the case.

*Bogard & Anderson,* of San Augustine, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Offense, manufacture of liquor; punishment, one year in the penitentiary.

The sheriff of San Augustine County and one of his deputies testified that they caught the appellant making whisky. Appellant pleaded guilty to said charge and filed his plea for suspended sentence in due time and offered evidence to the effect that he was only twenty-one years of age and had never been convicted in this State or any other state of a felony. Appellant did not testify.

Two matters are brought forward for review. One relates to the argument of the district attorney and the other to the failure of the court to grant appellant a new trial on account of the jury receiving other testimony after their retirement.

Bill of exception No. 4 complains of the action of the trial court in refusing to give appellant a new trial on the ground that after the jury had retired to consider its verdict, but before said verdict had been reached or agreed on by the jury, said jury was given and obtained other and new testimony not adduced on the witness stand against appellant, which said new evidence and testimony is fully set out in an affidavit of one of said jurors, attached to said motion for new trial. The affidavit attached to appellant's motion for a new trial, which affidavit was offered in evidence on said motion, was substantially as follows: That after the jury had received the case, on the first ballot cast, four of the jurors voted in favor of giving the appellant a suspended sentence, but a portion of said jury, some three members, were opposed to the granting of a suspended sentence; that these jurors who were opposed to the granting of a suspended sentence purported to know the appellant and his family, and before a verdict was reached stated to the remaining jurors that the entire family, consisting of three boys, was in trouble. The jury discussed this matter, and it was represented to them that an older brother was then in jail in Hemphill, Texas, under sentence to the penitentiary and that another brother was in jail in San Augustine County waiting trial on a whisky case, and one of the jurors stated that none of said family would work and that they had done nothing all year but make whisky and give trouble. A great deal of talk was made among the jurors as to the general reputation of the family and the older brothers

of appellant. That after this conversation, one of the members of the jury who had been in favor of a suspended sentence stated that if that was the kind of people they were, he was not in favor of giving a suspended sentence to appellant. Thereafter one of the jurors made the statement that if a suspended sentence were given and defendant should thereafter be convicted of a felony, he would have to serve both terms, and one of the jurors remarked that the suspended sentence would not be invoked and pointed as an instance the case of Arthur Durbin, an older brother of appellant, and one of the jurors also remarked that appellant had not asked for a suspended sentence but only his lawyer had. That thereafter under the persuasion of the talk and discussion and under the urging of some of said jurors who were desirous of being turned loose, the last juror in favor of a suspended sentence relented and voted in favor of conviction without suspended sentence.

Said bill of exception, as approved by the judge, is to the effect that the motion for new trial and the affidavit of the juror was not contested by the State, nor was it in any manner controverted; that the appellant did not testify as a witness in his own behalf; that his reputation or the reputation of his family was not put in issue, nor was there any testimony showing that any of them had a bad reputation or were in trouble in the criminal courts, or that they had not followed a legitimate employment. The bill of exception further certifies as a fact that the only testimony heard by the court on the motion for new trial was the affidavit aforesaid and that the court found the matter set out in the affidavit of the juror to be true. It is a well established principle of law in this State that a new trial will be granted where the jury after having retired to deliberate upon the case have received other testimony. The statute (Rev. St., 1925, Art. 2234), is mandatory so far as it relates to other testimony, and this ground for new trial is on a different basis and under a different subdivision of the statute from misconduct. When the unsworn "other testimony" is received by the jury the court will not speculate as to probable injury when it is against the accused. Branch's P. C., Sec. 566; Mason v. State, (Texas Crim. App.), 16 S. W., 766; Burlesan v. State, (Texas Crim. App.), 15 S. W., 175; Blocker v. State, (Texas Crim. App.), 61 S. W., 391. The right to a suspended sentence is a valuable right and the appellant was certainly not bound by the reputation that his brothers bore nor was he bound by the reputation of his family and it being conclusively shown that all the additional testimony received was against the accused and that these matters entered into the verdict that was rendered against him on his plea for suspended sentence, we hold that same constitutes reversible error.

As to the bill complaining of the argument of the district attorney referring to the failure of the appellant to testify, we pass same without

discussion in view of the fact that the case must be reversed on other grounds.

For the error discussed, the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.