FRITZ SPANGENBERG v. THE STATE.

No. 14094. Delivered March 25, 1931.

The opinion states the case.

*Baker & Baker,* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for selling intoxicating liquor; punishment being one year in the penitentiary.

The indictment alleged a sale to J. M. Simpson. He was the only witness used by the State. He testified that he bought from appellant a pint of whisky. Appellant and his wife denied it.

In his motion for new trial appellant averred misconduct of the jury in receiving other evidence after their retirement. No evidence on the trial suggested any other sale of liquor by appellant than the one for which he was on trial, or that he was charged with any other sales. Four jurors testified on a hearing of the motion for new trial, (all of them being called by appellant) that while the jury stood some for conviction and some for acquittal, some juror stated in the presence of the other jurors that appellant had been charged with other sales of liquor and that other cases were then pending against him for violation of the liquor laws. The State called no jurors to combat evidence of the four.

The authorities are numerous and all one way on the subject. See McDougal v. State, 81 Texas Crim. Rep., 179, 194 S. W., 944; Briscoe v. State, 115 Texas Crim. Rep., 563, 27 S. W. (2d) 190; Tubb v. State, 114 Texas Crim. Rep., 380, 25 S. W. (2d) 339. For collation of other cases see Branch's Ann. Tex. P. C., Sec. 566, page 289.

Where the evidence is undisputed on an issue of misconduct of the jury as in this case a new trial should be promptly granted. The delay incident to an appeal which can only result in a reversal seems uncalled for.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*