PERRY MOORE v. THE STATE.

No. 14862. Delivered March 16, 1932.

The opinion states the case.

*Bozeman & Cathey,* of Quitman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense, manufacturing intoxicating liquor; the punishment, two and one-half years in the penitentiary.

The state's testimony was to the effect that appellant was discovered with others engaged in manufacturing intoxicating liquor. Appellant's defense was that of an alibi and he offered evidence to establish same.

In his motion for new trial, appellant alleged that at the trial of said case he had no counsel and was unable to employ one and did not know his rights under the law and did not know that he had a right to object to jurors who tried the case of his brother, Ruel Moore, on the same day, but prior to the trial of this appellant, and that as a result of his want of knowledge of his rights there was empaneled in his case six of the jurors who had sat upon the case of his brother. The specific complaint was that the jury, after retiring to deliberate upon the case, received other testimony before determining the amount of punishment they would mete out to the appellant because one of the jurors stated to the balance of the jury "that the younger Moore boy had been tried and given two years and that appellant was older and had been making whisky ten years longer than his brother had and that the appellant ought

to be given more punishment." The testimony complained of had not been received in evidence during the trial, and the testimony heard by the court on the motion for new trial was to the effect that the statements to which complaint was made were made by one of the jurors at a time when the jury were undecided as to what amount of punishment they would assess against the appellant and had taken several ballots but had not arrived at the amount of punishment to be assessed and that after said statement to the jury the verdict had been arrived at, fixing the appellant's penalty at two and one-half years.

Two of the jurors upon the hearing testified positively that said statements were made in the jury room. Some three or four of the jurors testified that they did not remember hearing this statement. No juror testified that the statement was not made. The jurors testifying that said statement was made were not contradicted. We are of the opinion that the learned trial judge should have granted the motion for new trial. Subdivision 7, article 753, C. C. P., provides that a new trial shall be granted in cases of felony where the jury, after having retired to deliberate upon a case, has received other testimony. Information given by one of the jurors is new and other testimony within the meaning of the statute. McDougal v. State, 81 Texas Crim. Rep., 179, 194 S. W., 944, L. R. A., 1917E, 930. Where, after retirement, the jury received other evidence damaging to the accused, the presumption of injury will obtain. Holland v. State, 107 Texas Crim. Rep., 582, 298 S. W., 898, and authorities there cited.

In his motion for new trial, appellant also set up the fact of the discovery of new evidence and attached to said motion was the affidavits of five persons, all of whose testimony tended to establish an alibi for the appellant. Owing to the fact that this case will have to be reversed on another matter, we deem it unnecessary to discuss that part of appellant's motion for new trial.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.