EUGENE McCRANIE v. THE STATE.

No. 15445.   Delivered December 7, 1932.
Reported in 55 S. W. (2d) 100.

The opinion states the case.

*McGaw, Mitchell & Erisman,* of Longview *(Fred Erisman,* of Longview, of counsel), for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Appellant was convicted for driving a car upon the public streets in the city of Longview, Texas, at a time when appellant was under the influence of intoxicating liquor.   Punishment was assessed at one year in the penitentiary.

Appellant filed an application for suspended sentence.   It was alleged in the indictment that the offense was committed on January 11, 1931, but the case was not tried until about a year later, in February, 1932.   No evidence was introduced as to appellant's conduct between the return of the indictment and the trial.

In his amended motion for new trial, appellant set up misconduct of the jury in that after retirement they received other evidence.   Article 753, subd. 7, C. C. P.   Only two jurors testified upon the hearing of the motion for new trial.   From their evidence it appears the jurors without difficulty reached the conclusion that appellant was guilty of driving a car at the time and place charged in the indictment at a time when he was intoxicated.   Upon the issue of suspended sentence they were divided six and six.   One juror, Mr. Dean, asked if any-

one knew what the conduct of appellant had been since the indictment was returned against him. Mr. Heitt, another juror, replied that he knew what appellant's conduct had been; that he was at his (Heitt's) house Sunday a week ago trying to get the juror Heitt to pull his car out of the ditch, and was so drunk at the time he did not know where his car was. Immediately after this statement was made, the jury brought in the verdict of guilty declining to recommend a suspension of the sentence. A reversal must be ordered upon the undisputed facts shown by the evidence heard upon the motion for new trial. There are so many cases upon the subject it is scarcely necessary to cite them. Subdivision 7, article 753, C. C. P., provides that a new trial shall be granted where the jury, after retiring to deliberate on their verdict, receives other testimony. It has been held that information given by one of the jurors is "other evidence" within the meaning of the statute, and that, where one of the jurors after retirement gave information to the jury which is damaging to accused, a reversal will follow. Moore v. State, 120 Texas Crim. Rep., 215, 47 S. W. (2d) 619; Durbin v. State, 117 Texas Crim. Rep., 177, 36 S. W. (2d) 730; Spangenberg v. State, 117 Texas Crim. Rep., 304, 36 S. W. (2d) 1023. A new trial should have been granted on the evidence presented upon hearing of the motion for new trial and the expense and delay incident to an appeal avoided.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*