## Henry A. Harris v. The State.

No. 16622.   Delivered April 4, 1934.

The opinion states the case.

*Hosea L. Edwards* and *Jack Varner,* both of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of aggravated assault and battery, and his punishment assessed at confinement in the county jail for a term of 30 days and a fine of $95.

The appellant complains of the action of the trial court in overruling his motion for new trial. The motion for new trial is based upon the ground that one of the jurors made the statement in the jury room before the verdict was reached that defendant had killed a man two years ago and that he was a bad man; that the juror G. H. Hurst, during the deliberation of the jury and before the verdict was reached, stated that the defendant had killed his brother, which motion for new trial was duly verified and has attached thereto the affidavit of each juror who sat in the trial of said cause. Each of the jurors testified that one of the jurors made the statement that defendant had killed a man a few years ago and that he was a bad man. The motion for new trial as well as the affidavits show that no evidence was offered upon the trial showing the defendant had theretofore killed a man or that he had killed his brother or that he was a bad man. The court, after hearing

the motion and the affidavits of the jurors attached thereto, overruled the same, to which action of the court the appellant excepted and gave notice of appeal to this court.

Article 753, sub. 7, C. C. P., sets forth the grounds for which a new trial is to be granted, and one of the grounds is where the jury, after having retired to deliberate upon a case, have received other testimony. The state did not controvert or combat the motion for new trial nor the affidavits of the jurors attached to the same. Where the evidence is undisputed on an issue of misconduct of the jury as in this case, a new trial should be promptly granted, and in support of our views we refer to the case of Spangenberg v. State, 36 S. W. (2d) 1023. In the case of Hall v. State, 52 Texas Crim. Rep., 250, this court said:

"The affidavit of two of the jurors were taken, to-wit, Gardner and Ellis. Gardner states that after they had retired to consider of their verdict they discussed the probability that appellant was engaged at the time of the commission of the supposed crime in the sale of whiskey at Carney in violation of the local option law from the amount of whiskey that was consigned to him at the express office, and further, it was said in the presence of the jury that appellant * * * was engaged as a bartender at the Lone Wolf Saloon. * * * Ellis was foreman of the jury, and he states that after they had retired to consider of their verdict, and before it was returned into court, that the general reputation of defendant as a violator of the local option law was freely discussed during the deliberation. * * * It would hardly need authority at this late date in this State to show that this conduct required a new trial in the court below, and, in the absence of such action there, a reversal here. * * * We were of the impression that the Constitution guarantees an accused party the right to be confronted with the witnesses against him and that the testimony be detailed before a jury upon which a verdict is to be predicated. These matters were discussed in the jury room, in the absence of the defendant, with no opportunity to meet them, and without even any knowledge of the fact that such matters were being pressed or discussed."

So, in the case under consideration, there were matters detailed and discussed by the jury during their deliberation and before the verdict was rendered which were hurtful to the appellant.

Wherefore, the judgment of the trial court is reversed and the cause is remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.