## Woodrow Pritchett v State.

No. 24104. October 6, 1948.
Rehearing Denied November 17, 1948.

Hon. A. S. Broadfoot, Judge Presiding.

*C. C. McKinney* and *S. C. Ratliff,* both of Cooper, and *Ramey A. Smith,* of Sulphur Springs, for appellant.

*George T. Avery,* County Attorney, and *Buster Cole* of firm of *Cunningham, Cole & Southerland,* Special Presecutor, all of Bonham, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged with an assault with intent to commit murder and assessed a penalty of two years in the state prison.

The facts are contradictory to some extent. Mr. Dick Self was the mayor of the City of Honey Grove, and the victim of this alleged assault. On the night of May 29, 1947, Mr. Richard Allen was a policeman and night watchman of such city. According to the testimony of Mr. Self, the appellant's wife 'phoned him and said that there was a disturbance at her home and she seemed to be in need of assistance by reason thereof. The Mayor then went in search of the Chief of Police. Being unable to find him, he found Mr. Allen, who did not drive a car. The Mayor and the night watchman then proceeded to the home of appellant and his wife. They saw Mrs. Pritchett therein with evidence of having been beaten on her face. They talked to her awhile and eventually appellant came from around behind the house. Upon being asked what the disturbance was about, he answered the Mayor rather shortly and profanely. Appellant had evidently been drinking some intoxicating liquor. He did some loud talking and cursing in their presence, whereupon the Mayor ordered the night watchman to take appellant into custody. A difficulty then ensued in which the Mayor was struck on the head with some kind of a blunt instrument which crushed his skull and caused unconsciousness, which necessitated a serious operation for the removal of the bones and trephining the area of the brain damaged by the stroke and many hours of suffering and danger therefrom. The above is a synopsis of the State's testimony.

The appellant's testimony shows that his wife had unbraided him for drinking and he had probably pushed her around some, but they had made up and he had helped her with her household duties. However, appellant's fourteen-year-old stepdaughter had gone to the Mayor's office and reported some trouble at this house just prior to his visit thereto; that the Mayor and the night watchman came to appellant's house and inquired relative to the matter and were told that there was no trouble; that they then began to abuse and belittle the wife; that a fight then ensued; that no weapons were used by appellant; that his wife was struck in the melee. Appellant escaped and remained away for about a week and was finally captured. He was going under an assumed name at the time. One of appellant's hammers was found near the scene of the difficulty.

There are 42 bills of exception in the record, the majority of which seem to be concerned with the proposition that Mayor Self and his night watchman were trespassers at the appellant's home and that appellant had a right to eject them therefrom. That proposition was met by the State's claim that such persons were primarily invitees of Mrs. Pritchett, which fact was shown by the testimony of the Mayor as well as that of the appellant's stepdaughter.

It was shown that Honey Grove was an incorporated city and that Self was its Mayor and that appellant knew him as such. Article 33, C. C.P. provides that the mayor of an incorporated town is a magistrate; and Art. 34, C. C. P. provides that it is the duty of a magistrate to preserve the peace by the use of all lawful means, and to issue all process to aid in preventing and suppressing crime. Article 212, C. C. P. provides that any person may arrest without a warrant anyone who commits an offense against the public peace in the presence of such person. Article 213, C. C. P. provides for the arrest by any peace officer when a breach of the peace is committed in the presence or view of a magistrate; and such magistrate may verbally order the arrest of the offender.

The testimony of the State shows that appellant was cursing, swearing and disturbing the peace at the time the Mayor ordered his arrest, which order the Mayor had a right to issue; and it then became the duty of the appellant to submit thereto. The fact that appellant was charged with a disturbance of the peace on his own premises would not excuse him from liability therefor. See Bumgarner v. State, 142 S. W. 4, 64 Tex. Cr. R. 165.

The knowledge upon the part of appellant as to the official character of the Mayor and his officer was present with appellant according to the testimony introduced by the State, and such was properly presented to the jury in the trial court's charge. It was not necessary that their official character should be stated at such time if the jury were convinced that appellant was already possessed of such information. See 22 Tex. Jur. pp. 458-459, sec. 48. And it is worthy of note that in appellant's written statement taken after his apprehension and arrest, he stated that he knew Mayor Self and that he was the Mayor of Honey Grove at the time of the difficulty.

It was appellant's duty, as shown by the State's testimony, to submit himself to the order of the Mayor; and again, it is shown that in an endeavor to escape such custody, he struck

the Mayor, evidently with a carpenter's hammer, and caused a dangerous wound on the Mayor's head and one that could have produced death, causing paralysis and a long drawn-out recovery, part of the skull being removed and the wound being trephined. It is further shown by the testimony that the wound was very serious and would doubtless have resulted in death had it not been for the eary surgical attention which he received.

Complaint is made relative to the introduction in evidence before the trial court only of an ordinance of the city of Honey Grove containing in substance the provisions of Art. 214, C. C. P., relating to the authority of a municipality to establish certain rules pertaining to an arrest without warrant of certain persons found therein who were committing a breach of the peace or threatening to do so. Under the testimony of the Mayor, as well as that of appellant's stepdaughter, we think the ordinance was admissible. Surely no error could be predicated thereon, however, since the record shows that such ordinance was never read to the jury.

Evidently of benefit to the State were the following excerpts from the statement of appellant made some days after the occurrence, some portions of which appellant denied while upon the witness stand:

"On Thursday, May 29th, 1947, I was working in Commerce, Texas, as a carpenter's helper on the music hall at the College. I got off about 4:30 P. M. and went by my mother's and got some milk and butter. I was there just a little bit, and then left. Between the time I left my mother's house and the time I arrived at my home in Honey Grove I had gotten hold of some whiskey and drank *quiet a* bit. I guess I drank between 1½ and two pints. When I got home my wife scolded me about coming in home when I had been drinking. We then had a little family quarrel. * * *

"A little while later Mr. Dick Self and another big fellow that I am not acquainted with came down there. My wife was in the front of the house, and I was in the back part of the house. I went out the back for something, I don't remember what. I took another drink of whiskey while I was out there. In a little bit Dick Self and the big fellow came around to where I was. I don't remember what all was said. I decided that the big fellow was a little rough, so I picked up something that was there on the ground and hit at the big fellow. I missed the big fellow and hit Mr. Self. I don't know what it was I hit him with. * * *

"My wife was standing there, but she wasn't in any scuffle with any of us at that time. I didn't hit my wife at that time. After I hit Mr. Self I became scared and turned and ran. I don't remember what I did with the thing I hit Mr. Self with. I've known Mr. Self since I've been in Honey Grove, and I've seen him at the City Hall where we pay our water bill. I knew that he was the Mayor of Honey Grove. He didn't treat me rough that night that I can recall."

The careful trial court, in an exhaustive charge on the law, seems to have submitted every defense raised for appellant under the law and the facts, and we express the opinion that the charge fully and fairly sets forth the law as it exists, and as applied to the facts shown herein.

It would serve no useful purpose to write seriatim on each of the bills of exception, but would unduly prolong this opinion and not further add to the jurisprudence of the state.

We think this case has been properly tried, and finding no error therein, the judgment is affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

In a well-prepared motion for a rehearing, appellant insists that we erred in the original disposition of this case in holding that Dick Self, the injured party, was an invitee and, therefore, not a trespasser.

The State's evidence is to the effect that the injured party was called by Mrs. Vera Pritchett, the owner of the premises, to send someone out to quell a disturbance. This was controverted by appellant's witnesses. It will be noted that this raised an issue of fact which appellant might have been entitled to have submitted to a jury had he requested it. We observe from the court's charge that he did instruct the jury generally that if they believed that the injured party was a trespasser, as that term is defined, then appellant had a right to use such force as appeared to him to be necessary to eject Dick Self * * *. If appellant had desired a more explicit instruction on the subject, he should have requested it. This court being an appellate tribunal is not authorized to usurp the functions of the jury and decide issues of fact.

Appellant next contends that we erred in holding that a

mayor of an incorporated town or city is a magistrate within the meaning of the law and therefore had the right to verbally order the arrest of appellant or anyone else who commits a breach of the peace within his view or presence. See Art. 33, Vernon's Ann. C. C. P. A peace officer may lawfully arrest without a warrant when a breach of the peace has been committed in his presence or view of the mayor who verbally orders the arrest of the offender. We think this is the law notwithstanding the emphatic insistence by appellant that it is not.

We know that the trial court instructed the jury relative to the elements constituting a breach of the peace and then submitted to the jury the issue of whether or not appellant was guilty of a breach of the peace at the time and place in question. The jury decided this issue adversely to appellant and having so decided it, it follows that the verbal order of the mayor directing the night watchman to arrest appellant was justified under the law.

Appellant next complains because we did not discuss his Bill of Exception No. 22 wherein he complains of the action of the trial court in declining to submit his special requested charge to the effect that an officer must make known his identity as an officer to the person about to be arrested by him regardless of whether or not the person sought to be arrested knew his identity as an officer. We think such an instruction would have required the officer, who was known to the person about to be arrested, to perform a useless act. The law does not require the doing of a useless act. In the instant case, appellant knew Dick Self to be the Mayor of the City of Honey Grove. We note from the court's charge that he did instruct the jury that an officer about to arrest a person must make it known that he is an officer, unless such fact is already known to the person sought to be arrested.

Appellant seriously complains about the acts of the mayor and night watchman in entering upon his premises at nighttime, and attempting to arrest him without a warrant. These issues were all submitted to the jury as well as his right of self-defense and his right to eject trespassers, if they were trespassers. The jury having determined these issues adversely to him, their decision precludes any review thereof by this court.

Believing that the case was properly disposed of on original submission, the motion for a rehearing is overruled.

Opinion approved by the Court.