JOHN MAY v. THE STATE.

No. 508.   Decided March 9, 1910.

Motion for rehearing April 19, 1910.

1.—Abusive Language—Charge of Court.

Upon trial of using abusive language, etc., the court should have applied the law to the facts of the case in his charge; but in misdemeanor cases such failure can not be considered on appeal unless a bill of exceptions has been reserved.

**2.—Same—Evidence—Allusion to Former Trial.**

Upon trial for using abusive language towards another, it was reversible error to permit the State's counsel on cross-examination of defendant to ask him if he had not been convicted in the case on a former trial. Following Davis v. State, 54 Texas Crim. Rep., 236, and other cases.

**3.—Same—Jurisdiction—Practice on Appeal.**

Where, upon appeal from a conviction of using abusive language to another, the record showed that the prosecution originated in the Justice's Court, and was appealed to the County Court where appellant was again convicted and his punishment assessed at a fine of $5, the Court of Criminal Appeals was without jurisdiction.

**4.—Same—Certiorari—Practice on Appeal.**

Where, upon appeal in a misdemeanor, a writ of certiorari was granted to the State to show want of jurisdiction in Court of Criminal Appeals by perfecting the record, there was nothing in the contention that the State could not impeach its own record or go behind the same, as the question was jurisdictional.

Appeal from the County Court of Titus. Tried below before the Hon. W. E. Riddle.

Appeal from a conviction of using abusive language towards another; penalty a fine of $5.

The opinion states the case.

*Seb F. Caldwell* and *L. E. Keeney,* and *Rolston & Ward,* for appellant.—On question of alluding to former trial: Cases cited in opinion.

On question of completing transcript on appeal and certiorari: Parker v. State, 33 Texas Crim. Rep., 111; Rainey v. State, 20 Texas Crim. App., 473; Hess v. State, 30 Texas Crim. App., 477.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—Appellant was convicted in the County Court of Titus County on December 11 last on a charge of using abusive language to and concerning one White, and his punishment assessed at a fine of $5.

1. Complaint is made of the charge of the court in that it does not apply the law to the facts of this case. The general charge quotes the statute, and says: "If you believe beyond a reasonable doubt from the testimony that the defendant is guilty as charged you will convict him." The charge of the court is indeed subject to the criticisms leveled against it, but we find in the record no bill of exceptions taken at the time excepting to same in the respect mentioned, and we would not, therefore, be justified in reversing the judgment on this account. We suggest, however, in view of another trial, the importance and necessity of the court succinctly and distinctly applying the law to the facts of the case.

2. During the trial, and while appellant was on the witness stand, he was asked if he had not been convicted in the case on a former

trial of the case, to which he answered, yes. The bill recites that this question was asked by the county attorney, who insisted on appellant answering said question while his counsel was objecting thereto, and continued to ask said question, and insisted on an answer until appellant did make the answer that he had been convicted in this case on a former trial. The bill recites that counsel for appellant objected to the question and answer because same were not permissible under the law; that appellant while on the witness stand testifying in his own behalf could not be forced to tell that he had been convicted in a former trial, and that said question and answer were illegal, to all of which at the time appellant, by his counsel, excepted. The bill of exception evidencing this matter was allowed with the qualification that the question was asked and answered by appellant before the court could make a ruling. We gather, from this condition of the record, that the statements in the bill are true; that the question was being insisted on and answer thereto insisted on while counsel for appellant was endeavoring to make his objection to same and prevent an answer thereto. We think that the action of the prosecuting officer in undertaking to force and compel an answer so clearly violative of the statute was such misconduct as ought in this case and every such case to demand and compel a reversal. Richardson v. State, 33 Texas Crim. Rep., 519; Davis v. State, 54 Texas Crim. Rep., 236; Wyatt v. State, decided at the present term.

For the error pointed out, the judgment of the court below is reversed and the cause is remanded.

*Reversed and remanded.*

ON REHEARING.

April 19, 1910.

RAMSEY, JUDGE.—Our Assistant Attorney-General has filed in this case a motion for rehearing and certiorari. The motion in substance alleges that this prosecution was originally begun in the Justice Court of Titus County wherein a conviction was had and that thereafter the case was appealed to the County Court of said county, when on trial appellant was again convicted and his punishment assessed at a fine of $5, and that in view of the penalty assessed in the County Court this court is without jurisdiction to entertain the appeal. The motion for certiorari was granted and in response thereto a full transcript of the proceedings had, and papers filed in the Justice Court have been certified to this court by the county clerk of the county above named. Appellant has filed a contest to this motion which is in the nature of an exception to the sufficiency of the State's motion to perfect the record, on the ground that it does not sufficiently identify the papers and orders necessary to be certified and further that the State can not impeach the record in the case, or go behind the same. There is no merit in any of these objections. The issue made

by the State's motion is jurisdictional and it is within the power of this court to ascertain and determine these facts. The record showing that the court is without jurisdiction to entertain the appeal the motion for rehearing will be granted and the judgment reversing and remanding the case will be set aside and the appeal will be dismissed.

*Dismissed.*