### BOB BRACKEEN V. THE STATE.

No. 8068.  Decided February 20, 1924.

**1.—Selling Intoxicating Liquor—Evidence.**

Where defendant's son had been convicted of selling whisky upon a plea of guilty, there was no error in the State asking defendant as to the making of liquor by him at the time when his son sold the same.

**2.—Same—Misconduct of Jury.**

Where, upon trial of selling intoxicating liquor the jury in their retirement received testimony other than that from witnesses upon the trial from a member of the jury, the judgment must be reversed and the cause remanded.

Appeal from the District Court of Hunt.  Tried below before the Honorable Geo. B. Hall.

Appeal from a conviction of selling intoxicating liquor; penalty one year imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Hunt County of selling intoxicating liquor, and his punishment fixed at one year in the penitentiary.

Appellant took the stand as a witness in his own behalf and on direct examination by his counsel stated that his boy "done every bit of the whisky that was sold;" that he did not have anything to do with it; that his boy pleaded guilty in October last and he is now in the penitentiary. We think under this condition of the record the action of the State in asking him in reference to the making of liquor at a time when his boy was at home constituted no error.

The conviction in this case rests almost entirely upon the testimony of one Mabry. The accused introduced a number of witnesses who testified that the reputation of Mabry for truth and veracity was bad, and in its rebuttal the State introduced one witness who testified that Mabry's reputation in that regard was good. One of the grounds of the motion for new trial was misconduct of the jury in that they received testimony other than that which came from witnesses during the trial. It was developed without apparent contradiction that the jury was about evenly divided after retirement and that during the discussion one of the jurors told his fellows that he personally knew State witness Mabry and that while he drank whisky, still he was a truthful man. Authorities need not be cited to sustain the proposition that this was receiving testimony other than from witnesses and was sufficient ground for a new trial. The other errors complained of will not likely occur upon another trial.

For the error mentioned the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*