### BERNICE BREWER v. THE STATE.

No. 8472.   Decided June 4, 1924.

**1.—Seduction—Corroboration.**

The corroboration touching the promise of marriage was definite, and this court is not prepared to say that the circumstances proved were not sufficient to meet the demand of the law touching corroboration of sexual acts.   Following:   Williams v. State, 59 Texas Crim. Rep., 349, and other cases.

**2.—Same—Misconduct of Jury—Former Conviction.**

Where, upon trial of seduction, a new trial was sought upon the ground that the jury in their retirement received information.touching the result of the former trial, which was unknown to some of them, and made use of it against the appellant before a verdict was reached, and also as to the penalty assessed, the judgment must be reversed and the cause remanded. Following:   Tutt v. State, 49 Texas Crim. Rep., 202, and other cases.

**3.—Same—Absence of Injury—Practice in Trial Court.**

The absence of injury in the present record is not made evident, and in our opinion, the learned trial judge, in overruling the motion for a new trial, fell into error which requires a reversal of the judgment.   Following: Clements v. State, 69 Texas Crim. Rep., 369, and other cases.

Appeal from the District Court of Nacogdoches.   Tried below before the Honorable L. D. Guinn.

Appeal from a conviction of seduction; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Adams & Moore*, for appellant.—On question of misconduct of jury: Lancaster v. State, 43 Texas Crim. Rep., 393.

*Tom Garrard*, Attorney for the State and *Grover C. Morris*, Assistant Attorney, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for seduction; punishment fixed at confinement in the penitentiary for a period of five years.

The prosecutrix, a young woman twenty-five years of age at the time of the trial, testified that in the year 1918 she became engaged to marry the appellant and upon the promise of marriage engaged in sexual intercourse with him on the 18th day of December, 1920; that as a result thereof, she gave birth to a child on the 7th of August, 1921. The appellant had been an acknowledged suitor and had obtained her father's consent to the marriage; that with his knowledge the wedding apparel had been acquired. Appellant began his attentions to the prosecutrix in 1917 and continued for three years and seven months. The engagement took place in 1918. His visits were regular, about three times a week. She had no other sweethearts during the time. Their companionship continued until the 6th of January, 1921, at which time she received a letter from him and at which time he said he was not going to marry her. The first act of intercourse took place on the 18th of December in a certain creek bottom on a trip from her home to that of a brother-in-law of the prosecutrix. They were in a buggy. The wedding dress, with the knowledge of the appellant, was in the buggy. The date of the marriage had been set for the 15th of January. Another act of intercourse occurred on the 24th of December after the two had been to a party. The father and mother testified, giving corroborative testimony touching the promise of marriage, the association of the parties, and opportunity. Appellant introduced no testimony. The prosecutrix testified that during his association with her, the appellant came to see her every Sunday and every Saturday night; that they went to parties together; that he also called during the week at nights; that for some six months after he began his attentions to her, she entertained other young men at times. We have found no testimony of subsequent attentions by other men.

As stated above, the corroboration touching the promise of marriage was definite, and we are not prepared to say that the circumstances proved were not sufficient to meet the demands of the law touching corroboration of sexual acts. This contention is deemed in harmony with the precedents. See Williams v. State, 59 Texas Crim. Rep., 349; Slaughter v. State, 86 Texas Crim. Rep., 528.

This is the second appeal of this case. There was a reversal of the former appeal in which the verdict assessed a penalty of seven years confinement in the penitentiary.

A new trial was sought upon the ground that the jury, in their retirement, received information touching the result of the former trial, which was unknown to some of them, and made use of it against the appellant before a verdict was reached. Upon the hearing of the motion, seven jurors gave oral testimony. Several of the jurors testified affirmatively that during their deliberations, the fact that on the previous trial the appellant had been convicted and his penalty assessed at seven years was mentioned, some of them declaring that it was dis-

cussed. Several of the jurors also testified that they did not hear the discussion. None of them were willing to say that it did not occur, and the evidence heard seems to be conclusive that the discussion was made before the verdict was rendered and while some of the jurors were in favor of a verdict more advantageous to the appellant. In our judgment, there is no conflict touching the fact that the former conviction was discussed and used against the appellant before the verdict as would authorize a finding to the contrary. The statute, Article 837, C. C. P., declares that "new trials, in cases of felony, shall be granted where the jury, after having retired to deliberate upon a case, have received other testimony." Information showing the result of the former trial has been declared to be a receipt of other testimony within the meaning of the statute. See Tutt v. State, 49 Texas Crim. Rep., 202; Morawitz v. State, 49 Texas Crim. Rep., 366; Hardiman v. State, 53 S. W. Rep., 121; Horn v. State, 50 Texas Crim. Rep., 404; Clements v. State, 69 Texas Crim. Rep., 369; Blocker v. State, 61 S. W. Rep., 391. In each of these cases and others there have been reversals for that reason. Art. 843, C. C. P. uses this language:

"The effect of a new trial is to place the cause in the same position in which it was before any trial had taken place. *The former convictions shall be regarded as no presumption of guilt, nor shall it be alluded to in the argument.*"

The inhibition contained in this statute was violated in the present case not only by the statement that there had been a former conviction but as to the penalty assessed.

The absence of injury in the present record is not made evident, and in our opinion, the learned trial judge, in overruling the motion for new trial, fell into error which requires a reversal of the judgment. Clements v. State, 69 Texas Crim. Rep., 369; May v. State, 59 Texas Crim. Rep., 141; McDougal v. State, 81 Texas Crim. Rep., 187.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*