Sam Womack v. The State.

No. 9297.  Delivered June 17, 1925.

**Possessing Intoxicating Liquor—New Trial—Misconduct of Jury—Improperly Refused.**

Where on a trial for possession of intoxicating liquor for purpose of sale, one of the jurors in their retirement presented matters vital to the state's case as coming within the juror's own personal knowledge before a verdict of guilty was agreed upon, and another juror offered statements before the jury impeaching one of defendant's most important witnesses for truth and veracity.  For the error of the trial court in refusing a new trial, the cause must be reversed.

Appeal from the District Court of San Patricio County.  Tried below before the Hon. T. M. Cox, Judge.

Appeal from a conviction of possessing intoxicating liquor for the purpose of sale; penalty, one year in the penitentiary.

The opinion states the case.

*H. S. Bonham,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, Judge.—The appellant was convicted in the district court of San Patricio County for the offense of possessing liquor and his punishment assessed at confinement in the penitentiary for a term of one year.

The record is very lengthy and there are many alleged errors presented by appellant.  Many of these will doubtless not occur on another trial of the case and we deem a detailed discussion of them unnecessary. There is, however, one matter which makes it imperative that this case be reversed, and that is the misconduct of the jury in receiving additional testimony after the jury had retired to consider its verdict.  Appellant in his motion for a new trial properly alleges this misconduct and sets out in detail the additional testimony received by the jury.

By a proper bill of exception, the appellant shows that the court heard the question on affidavits presented and the bill further shows that there was no controversy on the part of the state as to the matters alleged in appellant's motion for new trial, having occurred in the jury room.  The effect of these affidavits is to show that one of the jurors presented matters vital to the state's case as coming within the juror's own personal knowledge and that it was only after

the juror had made the personal statement as upon his own knowledge that a verdict of conviction was rendered against this appellant. In addition to this, it is manifest that one of the jurors offered statements before the jury impeaching one of the defendant's most important witnesses for truth and veracity. These matters were, as above stated, not controverted by the state, and it occurs to us that they are of such importance as to require a reversal of this case.

For the error of the court in refusing to grant appellant's motion for a new trial because of the misconduct of the jury, it is our opinion that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.