## Griggs Holland v. The State.

No. 10987.    Delivered October 5, 1927.

**1.—Transporting Intoxicating Liquor—Bill of Exception—Incomplete—No Error Shown.**

Where appellant complains by bill of exception that he was not permitted to examine each juror individually on his voir dire examination in order that he might exercise the peremptory challenges allowed him by statute, and his bill presenting the matter does not affirmatively show that he was not permitted to examine each juror separately, such bill is incomplete and presents no error.    See Art. 1, Sec. 10, Constitution of Texas, Art. 3, C. C. P. Plair v. State, 102 Tex. Crim. Rep. 626.

**2.—Same—New Trial—Misconduct of Jury—Erroneously Refused.**

Where one of the jurors after retirement, and before the punishment to be imposed had been agreed upon, stated in the presence of the other jurors that he knew appellant and that he ran a barber shop, that his barber shop was a holdout for the rough element and element that stayed out at night.    In view of the penalty of three years inflicted, the receipt of this additional testimony against appellant, the presumption of injury will obtain.    See Subdivision 7 of Article 753, C. C. P.; McDougal v. State, 194 S. W. 944, and Hawks v. State, 269 S. W. 106.

Appeal from the District Court of Runnels County.    Tried before the Hon. J. O. Woodward, Judge.

Appeal from a conviction for the transportation of intoxicating liquor, penalty three years in the penitentiary.

The opinion states the case.

*Crager & Dickey,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

CHRISTIAN, Judge.—The offense is transporting intoxicating liquor, the punishment confinement in the penitentiary for three years.

The record contains fourteen bills of exception.    In view of the

fact that the case must be reversed for the error hereinafter pointed out, we deem it unnecessary to consider in detail appellant's several bills of exception, as the matters complained of therein are not likely to occur on another trial of the case.

By bill of exception No. 1 appellant complains of the action of the court in refusing to permit him on voir dire examination to individually examine each of the jurors in order that he might intelligently exercise the peremptory challenges allowed him by statute. The bill, as presented is insufficient to manifest error. Its recitals show that the court instructed counsel for appellant to propound to the jurors in a body certain questions which he was then propounding to individual jurors. It is further shown by the bill that in connection with his instruction to counsel, the court stated that if, after propounding the questions to the jurors in a body, counsel should desire to question any individual juror further, the privilege of so doing would be accorded him. There being no recital in the bill showing that counsel for appellant was not permitted by the court to further individually examine the jurors, the presumption must be indulged that he was accorded such right. While the right to appear by counsel, guaranteed by the Bill of Rights, carries with it the right of counsel, within reasonable limits, to examine each juror individually in order to prepare himself for the intelligent exercise of the peremptory challenges allowed him by statute, we are constrained to hold that appellant's bill of exception fails to show that his counsel did not have the opportunity of examining each juror individually. Art. 1, Sec. 10, Constitution of Texas; Art. 3, C. C. P.; Plair v. State, 102 Tex. Crim. Rep. 628.

In his motion for a new trial, appellant alleged that the jury, after retiring to deliberate upon the case, received other testimony. The specific complaint is that before the penalty was determined one of the jurors stated in the presence and hearing of the jury, that he knew appellant, that he was a ring-leader among the negroes, that this was not his first offense, and that the jury would be getting at the source of trouble if they would send him to the penitentiary for a good term. Appellant's bill of exception shows that the testimony complained of had not been received in evidence during the trial. The testimony heard by the court on the motion was, in substance, this: The juror, alleged by appellant to have made the statements complained of, stated in the presence of the jury, before the penalty had been fixed, that he knew appellant, that he ran a barber shop, that his barber shop was a holdout for the rough element and element that stayed out at night, that he was a ringleader among the

negro population down there, and that the jury would be getting at the source of the trouble if they sent him up. Several of the jurors testified that they inferred from the statements that appellant was not a desirable negro. At the time the statements concerning appellant were made by the juror the penalty had not been fixed. A ballot taken shortly before the statements were made showed that six of the jury were for three years, one or two for four years, and the rest for two years. One of the jurors testified that he had not voted for three years before the discussion took place, but that he believed that he thereafter changed his vote on the next ballot. The testimony of the various jurors is somewhat conflicting as to their understanding of the remarks made by the juror. Practically all of the jurors, however, were of the opinion from what they heard that appellant's reputation was bad. All of the jurors testified that the statements did not influence their action in finding a verdict. A penalty of three years, was assessed against appellant.

We are of the opinion that the learned trial judge fell into error in refusing to grant appellant's motion for a new trial. Subdivision 7 of Article 753, C. C. P., provides that a new trial shall be granted in cases of felony where the jury, after having retired to deliberate upon a case, have received other testimony. Information given by one of the jurors to the others is new and other testimony within the meaning of the statute. See McDougal v. State, 194 S. W. 944; Hanks v. State, 269 S. W. 106. Appellant's bill of exception shows that the statements made by the juror concerning appellant's reputation had not been received in evidence during the trial of the case, and that they were made at a time when the jury were divided on the question of the number of years that would be assessed against him. The testimony on the motion shows that some of the jurors who had stood for a penalty of two years prior to the time that the statements were made, thereafter voted for a penalty of three years. The statements made by the juror, as to appellant's reputation, being shown to be new and other testimony, are in our opinion of such material character as to create the presumption that they resulted in injury to the appellant. Where, after retirement, the jury received other evidence damaging to appellant, the presumption of injury will obtain, and the burden rests upon the state to rebut such presumption. Brown v. State, 276 S. W. 929. We are unable to reach the conclusion that the state discharged the burden of rebutting the presumption of injury.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.