### J. P. Gray v. The State.

No. 11072.   Delivered January 11, 1928.

**Murder—Misconduct of Jury—Reversible Error.**

Where, on a trial for murder, while the jury was in retirement deliberating on the case, and before a verdict had been agreed upon, one of the jurors stated in the presence and hearing of others that appellant had been convicted in another murder case, and given a sentence of 99 years. There being no evidence of such fact introduced upon the trial, we have no alternative, on account of this misconduct, than to reverse the case.

Appeal from the District Court of Gregg County.   Tried below before the Hon. P. O. Beard, Judge.

Appeal from a conviction of murder, penalty fifteen years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson,* State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment confinement in the penitentiary for fifteen years.

Appellant calls in question the sufficiency of the evidence to support the conviction. The state relied entirely upon circumstantial evidence. The evidence, if sufficient, is very meagre. However, in view of the disposition made of the case, we deem it unnecessary to discuss the evidence and pass on the question of its sufficiency.

In his motion for a new trial, appellant alleged that the jury, after retirement to deliberate upon the case, received other testimony, in that one of the jurors stated, in the presence and hearing of the jury before a verdict was reached, that appellant had been convicted in another murder case and given a sentence of 99 years. Appellant's bill of exception shows that there was no evidence introduced during the trial of the case to the effect that he had theretofore been convicted of murder and sentenced to a term in the penitentiary. The evidence heard by the court on the motion is uncontroverted that the statement in question was received by the jury before a verdict had been reached. That the statement of appellant's previous conviction for murder tended to bring about a verdict of guilty seems obvious when considered in connection with the fact that the evidence of guilt was very meagre. It therefore, follows that under the plain provisions of the statute and decisions of this state, we have no alternative other than to reverse this case.

We deem it unnecessary to discuss the other matters complained of by appellant as they are not likely to occur on another trial of the case.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.