## FARRAR LUMBER CO. v. McDONALD.

### No. 9266.

Court of Civil Appeals of Texas. Galveston.

May 9, 1929.

King, Wood & Morrow and Lawrence Du Mars, all of Houston, for appellant.

GRAVES, J.

This appeal is from a judgment against appellant awarding the appellee $174, entered upon a jury's verdict in response to special issues, as for damages caused by the negligent backing of one of its trucks into his automobile on Heights boulevard in the city of Houston.

The lumber company had answered by demurrer, denial, and plea of contributory negligence, all in general terms.

The appellee's petition specially alleged that the truck had, from the side, backed out suddenly at an excessive rate of speed into the boulevard, and struck his car, inflicting the damage for which he sought recovery.

The issues submitted inquired: First, whether appellant was negligent in the manner in which it backed its truck out into the

highway, and, if so, was that negligence the proximate cause of the collision, which were both answered in the affirmative; second, at what rate of speed was the appellee operating his automobile along the highway at the time, and whether such operation was negligence, if so, was it the proximate cause of the collision, which the jury answered by fixing 22 miles per hour as the rate of speed, saying that was not negligence, and leaving unanswered the proximate cause feature; third, what were reasonable market values of appellee's automobile immediately before and after the collision, which were answered by fixing the amounts of $700 and $550, respectively; fourth, how many days was it necessary for the appellee to hire an automobile to replace the use of his own, the answer to which was "4 days."

■ Our Penal Code, article 789, prohibits the operation of a motor vehicle within the corporate limits of an incorporated city like Houston at a greater rate of speed than 20 miles per hour; hence the jury's finding that the appellee was in such circumstances operating his automobile along this boulevard at 22 miles constituted negligence per se as a matter of law, rendering wholly abortive its attempted further finding to the contrary, Southern Traction Co. v. Jones (Tex. Civ. App.) 209 S. W. 457; Flores v. Garcia (Tex. Civ. App.) 226 S. W. 743; Carvel v. Kusel (Tex. Civ. App.) 205 S. W. 941; this negligence upon his part, under these authorities, precluded his recovering resulting damages; if it was also a proximate cause of the collision, but the trial court in effect withdrew that inquiry from the jury in framing the issues as it did; that is, to state the matter in the language of appellant's able counsel: "Instead of requesting the jury to find whether or not such speed was a proximate cause of the collision and resulting damages, the court, by special issue No. 4 requested the jury' to find whether or not such speed was negligence,—an issue which the jury was not authorized to pass on under the law. The court then made the submission of special issue No. 5 contingent upon an affirmative answer to special issue No. 4. The jury having answered special issue No. 4 in the negative, did not answer special issue No. 5,—all of which amounts to a withdrawal from the jury of said special issue No. 5. Thus the issue of proximate cause in connection with plaintiff's negligence in operating his automobile at a rate of speed in excess of that permitted by law, was never submitted to the jury, though the jury found that the plaintiff was operating his said automobile at the rate of 22 miles per hour at the time of the collision, and was therefore guilty of negligence as a matter of law."

■ This error in the charge was duly called to the court's attention in requested special issues, the suggestions in which would at least have furnished the basis for an appropriate correction, but they were all refused; this action constituted reversible error, since appellant was entitled under well-settled authority, to have submitted the group of facts relied on by it under its pleadings and the evidence to constitute contributory negligence on the part of the appellee. Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517; Missouri, K. & T. Ry. Co. v. McGlamory, 89 Tex. 635, 35 S. W. 1058; City of Nacogdoches v. Wise (Tex. Civ. App.) 300 S. W. 949.

■ The matters complained of under the other assignments are not likely to recur upon another trial, so need not be passed on further than to say that we think the special issues should be restricted to the special acts of negligence alleged and proven, whether upon the one side or the other. Fox v. Dallas Hotel Co., supra.

The judgment has been reversed, and the cause remanded.

Reversed and remanded.