VELTON JOHNSON v. THE STATE.

No. 13208.  Delivered March 26, 1930.

Reported in 26 S. W. (2d) 262.

The opinion states the case.

*Seale & Denman* of Nacogdoches, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment confinement in the penitentiary for one year..

Appellant is a youth between seventeen and eighteen years of age. Officers discovered appellant and a negro man in the act of manufacturing whiskey. There was also a quantity of whiskey near the still.

In his motion for new trial appellant alleged that the jury, after retiring to deliberate upon the case, received other testimony. The specific complaint was that one of the jurors stated in the presence and hearing of the jury, before it had been determined whether appellant's sentence should be suspended, that there was a great deal of bootlegging in the Alto community; that there was wholesale whiskey selling and whiskey drinking in that community; that the traffic in liquor had reached the point that it was not respectable for white ladies to come through Alto on their way to town; that there had been too many suspended sentences, the effect being that the liquor traffic had not been broken up in the Alto community; that the juror wanted it broken up. Appellant lived in the Alto community. There was no evidence in the record that would have in any manner supported the statement of the juror. The juror

admitted upon the hearing of the motion that he made the statement attributed to him by appellant. Appellant had filed his application for a suspended sentence, and the question had been submitted to the jury. At the time the statement was made nine of the jurors stood for a suspended sentence and three for confinement in the penitentiary for a term of one year without suspension of sentence. There was no legal impediment to the suspension of the sentence. Appellant was a mere youth and had not theretofore been convicted of a felony. Several witnesses testified that his general reputation for being peaceable and law-abiding was good.

We are of the opinion that the learned trial judge fell into error in refusing to grant appellant's motion for new trial. Subdivision 7, Art. 753, C. C. P. provides that a new trial shall be granted in cases of felony where the jury, after having retired to deliberate upon a case, have received other testimony. Information given by one juror to the others is new and other testimony within the meaning of the statute. McDougal v. State, 81 Tex. Cr. R. 179, 194 S. W. 944, L. R. A. 1917 E, 930; Hanks v. State, 99 Tex. Cr. R. 218, 269 S. W. 106. The statements made by the juror constituted new testimony. They were of such material character as to create the presumption that they resulted in injury to appellant. Holland v. State, 298 S. W. 898. The opinion is expressed that appellant did not have that fair and impartial trial which is guaranteed by our Constitution.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.