L. G. ZAHM v. THE STATE.

No. 13544. Delivered June 25, 1930.
Reported in 29 S. W. (2d) 763.

The opinion states the case.

*Clay Cotten,* of Palestine, and *Justice & Sigler,* of Athens, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for one year.

A witness testified that he went to appellant's place of business and bought some whiskey from appellant. Appellant offered testimony to the effect that the general reputation of the witness for truth and veracity was bad. He denied that he sold whiskey to the witness. Operating under a search warrant, officers searched appellant's place of business and found therein approximately three pints of whiskey. Appellant testified that he was using the whiskey for medicinal purposes. It seems to have been undisputed that appellant's physical condition was bad. Dr. Converse testified that he had advised appellant to use whiskey as a medicine.

In his motion for new trial, appellant alleged that the jury, after retiring to deliberate upon the case, received other testimony. The specific complaint was that, before determining the guilt of appellant, one of the jurors stated to the other jurors that appellant was running a disreputable house; that Dr. Converse was a drinking man, and appellant was probably his bootlegger; that appellant and his family drove fine cars, and that he must be bootlegging. The testimony complained of had not been received in evidence during

the trial. The testimony heard by the court on the motion was to the effect that the statements of which complaint was made were made by one of the jurors at a time when the jury stood ten for conviction and two for acquittal. Thereafter a verdict of guilty was reached. Some of the jurors testified that they did not hear the statements. No juror testified that they were not made. The jurors testifying that said statements were made were not contradicted.

We are of the opinion that the learned trial judge should have granted the motion for new trial. Subdivision 7 of Art. 753, C. C. P. provides that a new trial shall be granted in cases of felony where the jury, after having retired to deliberate upon a case, have received other testimony. Information given by one of the jurors to the others is new and other testimony within the meaning of the statute. McDougal v. State, 194 S. W. 944. Where, after retirement, the jury receives other evidence damaging to the accused, the presumption of injury will obtain. Holland v. State, 298 S. W. 898, and authorities cited.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.