LEAH BAILEY v. THE STATE.

No. 13683.   Delivered June 25, 1930.
Reported in 29 S. W. (2d) 784.

The opinion states the case.

*T. B. Ridgell,* of Breckenridge, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the state.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for 99 years.

This is the second appeal. See Bailey v. State, 112 Tex. Cr. R. 550. The present trial was had in Midland County upon a change of venue from Ward County. Reference is made to the opinion on former appeal for a statement of the facts and circumstances surrounding the homicide.

Appellant sought a new trial because of misconduct of the jury. It was averred in the motion that the jury, before deciding upon the punishment to be assessed, discussed the fact that appellant had

theretofore had a penalty of 99 years assessed against her in Ward County. The averments were further to the effect that the jury discussed the fact that appellant's cot house, where the killing occurred, was a place of ill-repute, and that appellant's reputation, as well as the reputation of certain of her associates, was bad. The court heard evidence on the motion. It seems to have been uncontroverted that one of the jurors suggested that appellant had been given 99 years in her former trial and that she ought to receive the same penalty on the present trial. At the time this suggestion was made some of the jurors stood for a penalty of 15 years. One of the jurors testified, in effect, that he agreed to 99 years after this statement was made. There was no testimony in the record that a penalty of 99 years had been assessed against appellant in Ward County. Also, it seems to have been uncontroverted that two of the jurors declared to the others jurors that they had visited in the oil fields, and that houses of the character run by appellant were generally places of ill-repute. This matter seems to have been generally discussed by the jury before arriving at the punishment to be assessed. There was no testimony in the record that appellant's cot house was a place of ill-repute, or that her reputation was bad.

Subdivision 7 of Art. 753, C. C. P. provides that a new trial shall be granted in cases of felony where the jury, after having retired to deliberate upon a case, have received other testimony. The information given by one of the jurors to the others is new and other testimony within the meaning of the statute. Where, after retiring, the jury receive other evidence damaging to appellant, the presumption of injury will obtain. Holland v. State, 107 Tex. Cr. R. 582, 298 S. W. 898, and authorities cited; Gray v. State, 1 S. W. (2d) 882; Cooper v. State, 7 S. W. (2d) 85.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.