### V. O. Surratt v. The State.

No. 13216.   Delivered February 18, 1931.

The opinion states the case.

*Alex Pope,* of Dallas, and *Gentry & Gray,* of Tyler, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for operating a motor vehicle on a public highway while intoxicated; punishment, two years in the penitentiary.

We find in the record three bills of exception. Bill No. 1 was taken

to the admission of Hunter's testimony as follows: "His condition wasn't quite as bad when he came in there as it was when Mr. Bean arrested him. It was a little worse when he arrested him than it was when he first came in." On the proposition that if the accused was not as drunk when he came into the garage as he was when arrested, we fail to see how proof of this fact could have hurt appellant's case. The issue before the court was whether appellant was under the influence of intoxicating liquor when he operated his car on a highway prior to the time he entered said garage, and if testimony was offered of his condition when arrested, by the State as supporting the proposition that some time prior thereto he was intoxicated while on the street—the testimony objected to would seem favorable to the appellant's side of the case.

Bill of exceptions No. 2 is qualified by the trial court and shows no error.

The issue of misconduct of the jury, presented in bill No. 3, was decided by the court against appellant after hearing a number of the jurors testify upon the presentation of the motion for new trial. The affidavit of one juror attached to said motion, and the oral testimony of the same juror before the court—supported the proposition that a Mr. Love, another juror, made a statement in the jury room before the verdict was agreed upon, which if made and believed might have reflected on the truth of certain defensive testimony. However, other jurors affirmed on the hearing that what Mr. Love said in this regard was after their verdict had been reached both as to guilty and the penalty. Mr. Love testified that he made some such remark, but that it was after the verdict and penalty had been agreed upon. We have uniformly held that in a condition of conflict such as is presented here, the court's action adverse to the fact of misconduct is no abuse of his discretion. There were no exceptions to the court's charge. The evidence seems ample to support the verdict and judgment.

The judgment will be affirmed.

*Affirmed.*