ROBERT GRAY v. THE STATE.

No. 14171. Delivered June 3, 1931.

The opinion states the case.

*Grady Sturgeon,* of Austin, and *J. T. Ranspot,* of Mineral Wells, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Offense, statutory rape; punishment, five years in the penitentiary.

Prosecutrix testified in substance as follows: That at the time of the alleged offense she was sixteen years old; that the appellant, with his wife and family, resided in the same community in Lamar county as she did; that at the suggestion of the appellant and his wife, prosecutrix by and with the consent of her parents, accompanied appellant and his wife on a week-end visit to the sister of appellant's wife in Mineral Wells; that they left home Saturday morning and arrived in Mineral Wells that afternoon; that they travelled in appellant's car; that they went to the room of appellant's wife sister; that that night appellant's wife and children and prosecutrix stayed at the room of his wife's sister; that appellant stayed with one Dalton; that on the next morning, Sunday, prosecutrix and one Willie Bell Hutchens, who was the sister of appellant's wife, got in appellant's automobile for the purpose of going to get a coat for appellant's wife; that appellant's wife's sister was driving the car; that they saw appellant sitting on a curb of the walk near Dalton's restaurant talking with Dalton; that appellant got in the car with them and stated to Dalton, "If my wife comes down here after me, don't you tell her where I have gone"; that they drove away and that appellant was sitting between the two women; that they drove out about a mile east of Mineral Wells and turned off into a country road; that the car was stopped near there in some mesquite trees and was within about fifty yards of a house. Prosecutrix further testified that when the car was stopped, she was told by appellant and his wife's sister to get out, which she did, whereupon appellant told her to follow him, which she did; that they went about fifty yards from the car and appellant told her to lay down, stating that he could not do anything standing up. She testified that she laid down and appellant pulled her bloomers down and after some repeated efforts succeeded in having intercourse with her, which she testified was attended by considerable pain; that after the act they returned to the car. Prosecutrix said it all took place within a period of ten minutes. She testified

that when they came to the car, she was crying, whereupon appellant and his wife's sister laughed at her; that she did not tell appellant's wife's sister what had happened; that while they were driving back to town, appellant's wife's sister asked her if that was the first time and told her that it would hurt the first time but not any more. When nearing the city, she testified that appellant got out of the car and that she and said Willie Bell Hutchens continued in quest of the coat for Mrs. Gray; that all the parties spent Sunday afternoon at the air port in Mineral Wells and left there for home during the afternoon; that they stopped at Dallas and attended a picture show and arrived home about midnight Sunday night. Prosecutrix fixed the date of the alleged offense on May 6, 1929. She gave birth to a child on the 16th day of January, following. Prosecutrix only communicated the fact of her pregnancy to her mother in September, when her mother found it out. She had told no one about the alleged offense.

Appellant testified as a witness in his own behalf, denying the entire transaction. He was corroborated in this by his wife, who testified that on the trip to Mineral Wells and while in Mineral Wells she was in company with the prosecutrix at all times and prosecutrix did not leave her and go off in the automobile with her sister.

In his motion for new trial appellant alleged that the jury after retiring to deliberate upon the case received other testimony. The specific complaint was that before determining the guilt of appellant, one of the jurors stated to the balance of the jury that the rooms to which appellant took his wife and the prosecuting witness were rooms in a house of prostitution occupied by lewd and immoral women, and that the place had a bad reputation. The testimony complained of had not been received in evidence during the trial. The testimony heard by the court on the motion was to the effect that the statements to which complaint was made were made by one of the jurors at a time when the jury stood eight for conviction and four for acquittal, and that thereafter a verdict of guilty was reached and returned. Some of the jurors testified that they did not remember hearing the statements. No juror testified that they were not made. The jurors testifying that said statements were made were not contradicted. We are of the opinion that the learned trial judge should have granted the motion for new trial. Subdivision 7, article 753, C. C. P., provides that a new trial shall be granted in cases of felony where the jury after having retired to deliberate upon a case have received other testimony. Information given by one of the jurors is new and other testimony within the meaning of the statute. See McDougal v. State, 81 Texas Crim. Rep., 179, 194 S. W., 944. Where after retirement, the jury receives other evidence damaging to the accused, the presumption of injury will obtain. Holland v. State, 107 Texas Crim. Rep., 582, 298 S. W., 898, and authorities cited.

By proper bill of exception appellant complains of the action of the district attorney in propounding to the appellant while he was testifying in his own behalf and at a time when he had not put his general reputation in issue, the following question: "Now tell the jury how many times the officers have raided your house and searched for liquor," to which question appellant objected in open court because said question was an insinuation that appellant's house had been raided by the officers and searched for liquor and was in effect an attempt to get before the jury evidence of an extraneous offense in no way connected with the offense for which the appellant was on trial and that the sustaining of appellant's objection and exception to said question did not cure the injury and prejudice thus created against the appellant. That such question was improper and hurtful is manifest and we cannot gauge the evil effect upon the jury of such improper question, especially when as shown by the record that some, if not all, of the jurors in their deliberations, before arriving at a verdict, mentioned or discussed the excluded question asked by the district attorney to the effect that appellant had been charged or his place raided and searched for liquor and that he had violated other laws. See Childress v. State, 92 Texas Crim. Rep., 215, 241 S. W., 1029; Harrison v. State, 102 Texas Crim. Rep., 385, 278 S. W., 430; Hunter v. State, 113 Texas Crim. Rep., 90, 18 S. W. (2d) 1084.

Complaint is also made by the appellant of certain remarks made by the trial court to the jury after they had reported to him that they were hopelessly hung as to how long the court would be in session, etc. We do not deem it necessary to discuss said bill as no doubt no attempt to coerce the jury was intended by the trial judge, but in passing, we feel constrained to say that the deliberations of a jury are not to be interfered with while they are considering the law and the testimony, which alone must control their verdict. They are by no means to be influenced by fear of continued confinement and thereby be alarmed into an agreement. A verdict attained through coercion or restraint of the jury may be, upon proper showing, set aside.

For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.