# MAY 17, 1933

### CECIL ADAIRE v. THE STATE.

No. 15685.   Delivered May 17, 1933.
Reported in 60 S. W. (2d) 781.

The opinion states the case.

*Cunningham & Lipscomb,* of Bonham, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Conviction is for murder; punishment, 5 years in the penitentiary.

This is the second appeal of this case. The first appeal will be found reported in 45 S. W. (2d) 984.

There is no dispute in the evidence but what appellant shot and killed Rol Butler. The appellant and deceased lived in the same neighborhood and were close neighbors. A dispute had arisen previous to the killing between the appellant and deceased over the use by deceased of a pasture and also a sweet potato patch. The evidence showed that the day before he was killed, deceased had plowed up some ground in which appellant had sweet potatoes planted. After the homicide, appellant went to the sheriff's office and surrendered, saying that he had shot deceased. The officers went to the home of the deceased and found his body in his barn lot. The body of the deceased showed that a charge from a shotgun had entered deceased's side and back. So far as the record shows, no persons were present at the immediate place of the homicide other than the appellant and the deceased.

Appellant testified as a witness in his own behalf and admitted that he killed deceased, but claimed that he did it in self-defense; that at the time he shot the deceased, the deceased was in the act of drawing a pistol and was making a demonstration as if to attack appellant. Appellant also offered in evidence communicated threats on the part of the deceased to do him injury.

In his motion for new trial, appellant embraces two para-

graphs setting up alleged facts upon which he based the contention that the jury was guilty of misconduct in receiving other testimony after their retirement that was not in evidence in the case, alleging that while the jury was in the jury room deliberating upon the case before they arrived at a verdict, the fact that defendant had theretofore been convicted for the same offense and his punishment assessed at 20 years in the penitentiary was discussed, and upon the further ground that the gun with which the appellant admitted he killed the deceased was carried to the jury room and one or more of the jurors stated to the balance of the jury that the gun was not a choke bore gun. Attached to said motion for new trial were the affidavits of three of the jurors who sat in the case. Upon hearing of the motion, eleven of the men who sat upon the jury in appellant's trial were called and interrogated. It is shown by the testimony of some of the jurors, and not contradicted by the others, that no evidence had been offered during the trial of the case as to the bore of said gun, and after they had retired to the jury room and before arriving at any verdict, a discussion arose on the part of several of the jurors that the defendant could not have stood where he claimed to have been standing and shot the deceased where the deceased fell, if the gun with which he shot the deceased was an ordinary smooth bore gun. It is further shown by the record that after said discussion had been indulged in, some of the jurors asked the officer in charge of them to get the shotgun and bring it to the jury room, which was accordingly done. One of the jurors stated to the balance of the jury that he had had a good deal of experience with guns and knew when a gun was a cylinder bore or choke bore, and the gun with which appellant shot the deceased was a smooth bore. It is further shown by the evidence that he stated that where a dime would work in the gun barrel that it was not a choke bore gun. It is further shown by the evidence of the jurors that while one of the jurors held the gun another juror placed a dime in the gun barrel and demonstrated to the jury that a dime would go into the barrel of said gun. The juror who claimed to have had considerable experience with shot guns told the jury after said experiment that the defendant could not have stood on the outside of the fence and shot deceased where he claimed he shot him without the shot scattering more than they did, and at that distance it would have covered a spot as big as a pocket handkerchief and would have scattered all over. One or more of the jurors testified that they did not pay any attention to the demonstration of said gun, but none of them were willing to say that it did not occur,

and the evidence heard seems to be conclusive that the discussion was made before the verdict was rendered and while some of the jurors were in favor of a verdict more advantageous to appellant. This mattter was placed before the jury, as shown by the evidence, at a critical time in the deliberations of the jury and at a time when one or more of the jurors were unable to agree as to the guilt of the appellant.

The record also shows that it was mentioned, if not discussed, several times while the jury was deliberating upon the case and before they had arrived at a verdict that the appellant had been convicted before and his punishment fixed at twenty years in the penitentiary.

We are of the opinion that the learned trial judge fell into error in refusing to grant appellant's motion for new trial. Subdivision 7 of article 753, C. C. P., provides that "a new trial shall be granted in cases of felony where the jury, after having retired to deliberate on a case, have received other testimony." Information, followed by demonstration of said information, given by one or more of the jurors to the others, is new and other testimony within the meaning of the statute. McDougal v. State, 81 Texas Crim. Rep., 179, 194 S. W., 944; L. R. A., 1917E, 930; Hanks v. State, 99 Texas Crim. Rep., 218, 269 S. W., 106.

Information showing the result of a former trial has been declared to be a receipt of other testimony within the meaning of the statute. See Brewer v. State, 97 Texas Crim. Rep., 501; Tutt v. State, 49 Texas Crim. Rep., 202; Hardiman v. State, 53 S. W., 121; Horn v. State, 50 Texas Crim. Rep., 404; Clements v. State, 69 Texas Crim. Rep., 369. Article 759, C. C. P., uses this language: "The effect of a new trial is to place the cause in the same position in which it was before any trial had taken place. The former conviction shall be regarded as no presumption of guilt, nor shall it be alluded to in the argument." The inhibition contained in this statute was violated in the present case in our opinion not only by the statement that there had been a former conviction but as to the penalty assessed.

The evidence in our opinion does not show that appellant was not injured by these proceedings. When the unsworn "other testimony" is received by the jury, the court will not speculate as to probable injury when it is against the accused. Branch's Ann. P. C., sec. 566, and authorities cited thereunder. See, also, Knight v. State, 66 Texas Crim. Rep., 335, 147 S. W., 268; Blocker v. State (Texas Cr. App.), 61 S. W., 391.

The other contentions of the appellant are deemed to be

without merit, particularly in view of the trial court's qualifications to the bills presenting the matters.

For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.