## BEN WILLIAMS V. THE STATE.

No. 17738.   Delivered November 6, 1935.

The opinion states the case.

*Owen Bybee* and *Mahan & Broughton,* all of Childress, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of burglary and his punishment was assessed at confinement in the State penitentiary for a term of two years.

Appellant and Adolph Culpepper were jointly indicted for the offense.   A severance was had and each one was tried separately.

The testimony shows that on the evening of December 30, 1934, some one broke the screen and a large window pane to the office of the Quarrels Lumber Company, entered the same and took from said office a number of paint brushes, canvas and an adding machine.   About 8:30 P. M. officers observed two men sitting on the ground with their backs against the wall of said office.   The officers inquired of the men what they were

doing there, whereupon the appellant replied: "What the hell is it to you?" The officers arrested appellant and Culpepper and searched them. A number of paint brushes were found upon the person of Adolph Culpepper. The adding machine and the canvas were on the ground near where appellant and Culpepper were sitting. No one saw them or either of them enter the office or come out of it. Appellant was not found in the actual possession of any of the property. Appellant did not testify or offer any testimony upon the trial.

The main ground upon which appellant relies for a reversal of this case relates to the misconduct of the jury. The record shows that appellant, in due time, filed a motion for new trial supported by the affidavit of one of the jurors, and he offered testimony in support thereof. Six of the jurors who sat in the case testified that it was mentioned in the jury room during their deliberations and before they agreed upon a verdict that Culpepper (appellant's alleged co-principal) had been tried and convicted in the same case; that his punishment was assessed at confinement in the penitentiary for a term of two years. It was also said in the jury room that if appellant was not guilty he·at least was in bad company inasmuch as Culpepper had theretofore been to the penitentiary. The other four of said six jurors testified that they did not hear any discussion of Culpepper's prior conviction but admitted having heard it said that the appellant was in bad company. The remaining six jurors did not testify nor did the State undertake to meet the testimony offered by appellant. No evidence had been introduced that Culpepper was convicted in the same case and given two years in the penitentiary, or that he had theretofore been sent to the penitentiary. The negative testimony of the four jurors is not deemed to be sufficient to overcome the positive testimony of the two who testified to the receipt of other testimony.

Whenever a jury, after retiring to deliberate upon the case, receives material testimony other than that submitted to them under the ruling of the court, the mandatory provisions of·Art. 753, C. C. P., requires the giving of a new trial. Information given by one or more of the jurors to the other jurors sitting in the case is other testimony within the meaning of the law. Gray v. State, 39 S. W. (2d) 625, and cases there cited. It is obvious that in this case the jury received material testimony other than that submitted to them under the ruling of the court; hence the court should have sustained the appellant's motion for a new trial. The disposition we are making of this

case obviates the necessity of discussing any of the other errors complained of.

For the error hereinabove pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.