ALBERT JONES V. THE STATE.

No. 20040.   Delivered January 11, 1939.

The opinion states the case.

*Eugene Talbert,* of Tyler, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Appellant was indicated and tried for rape on his own child, Rosella Jones, a girl eleven years old, and was assessed a penalty of twenty years in the penitentiary.

This conviction was predicated upon the testimony of the little girl, and, of necessity, there was but slight, if any, corroboration thereof. The sordid details of her statement will be omitted, but suffice it to say they showed an offense shocking in detail, and amply sufficient to support such a verdict.

The defense offered by appellant was not guilty, and the reason for such testimony upon the part of his daughter was a claim that the mother and father of his deceased wife desired to obtain possession of her and his deceased wife's children, and that such father-in-law and mother-in-law had framed up on him, and gotten little Rosella to testify falsely against him. Dave Jackson, a witness for appellant, testified, in substance, that during Eva Jones last sickness,—the mother of Rosella, and wife of appellant,— Mr. Cameron, appellant's father-in-law, said: "We will frame up on him (appellant) and get them children."

Appellant's motion for a new trial and his bill of exceptions No. 2 complain of the fact that the jury, while deliberating on this case, and discussing the guilt or innocence of the defendant,—received other and further testimony relative to such case in that one of the jurors, while discussing the guilt of the appellant, said: "I know the witness Jackson, he isn't worth a damn. I would not believe him on oath." That another juror said while discussing Mr. Jackson and his testimony: "I never did hear anything good about him * * * but he (another juror) said he knew him too and he wouldn't believe nothing he said."

At the time these statements were said to have been made no verdict had been arrived at either on the question of guilt, or amount of punishment. The juror charged with having made the first above quoted statement said that he did not remember having made the same. The last quoted statement was admittedly made by such juror.

These statements were made, if at all, during the time the jury were balloting on the question of guilt, some eight voting guilty, and four jurors not voting at all. Sometime thereafterwards all twelve voted for guilt, and then discussed the amount of punishment.

We are aware of the fact that in the trial court's qualification of this bill he states that such remarks were casually made, if at all, and the jurors warned not to consider same, and that same were not considered by the jury.

The State's attorney cites us to the case of Surratt v. State, 35 S. W. (2d) 725, as authority for the proposition that the making of these remarks, being casual, was harmless error. We do not think so. In the Surratt case it was shown that the jury had practically completed their deliberations both as to guilt and punishment, and no change was made therein after the objectionable remarks were made. Not so in this case. Four members of the jury had never voted for guilt at such time, but came over sometime thereafter.

Art. 753, C. C. P. says that "New Trials, in cases of felony, shall be granted for the following causes, and for no other: * * *

"7.. Where the jury, after having retired to deliberate upon a case, have received other testimony; * * *"

In our opinion this jury must have received other testimony relative to the witness Jackson, and under the statute and decisions of this State we have no alternative other than to reverse and remand this case. See Womack v. State, 274 S. W. Rep. 588; Brackeen v. State, 258 S. W. Rep. 818; Glassgow v. State, 43

S. W. (2d) 940; Adaire v. State, 60 S. W. (2d) 781; Briscoe v. State, 27 S. W. (2d) 190; McDougal v. State, 81 Texas Crim. Rep. 179; Davis v. State, 26 S. W. (2d) 649; Willians v. State, 87 S. W. (2d) 484; Durbin v. State, 36 S. W. (2d) 730; Zahm v. State, 29 S. W. (2d) 763; Jones v. State, 54 S. W. (2d) 145; Moore v State, 47 S. W. (2d) 619; Gray v. State, 39 S. W. (2d) 625; Holland v. State, 298 S. W. Rep. 899.

Many of the above cases hold that when the testimony is received, the injury is presumed and must be rebutted. The only testimony appellant produced outside of his denial of guilt, in order to explain his daughter's attitude towards him, was the testimony of Dave Jackson. When such was discredited before the jury in its deliberations, we think injury was not only presumed but shown.

The judgment is reversed and the cause remanded.