# MARCH 20, 1946

## NEAL CRAWFORD V. THE STATE.

No. 23297. Delivered February 27, 1946.
Rehearing Denied March 20, 1946.

220

The opinion states the case.

*George S. McCarthy,* of Amarillo, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was indicted by a grand jury of Potter County for drunken driving of an automobile, as a second offender, and his punishment assessed at one year's confinement in the penitentiary. Hence this appeal.

Upon the second count of the indictment, it being the one submitted to the jury, it was alleged, in substance, that in the County of Palo Pinto, in the county court, in cause No. 9546, on or about the 17th day of June, 1942, appellant was charged with drunken driving, and duly convicted therefor, and a final judgment entered thereon, and thereafterwards, in Potter County, he drove an automobile on a public highway while intoxicated. This cause was based on the Acts of the 47th Legislature, p. 819, Chap. 507, passed in 1941, making the first act of such driving a misdemeanor and any subsequent act a felony, the enactment being found as Art. 802-b, Vernon's Ann. P. C.

The testimony shows that appellant was intoxicated, and while driving his Plymouth Coupe he ran into the rear end of a Greyhound bus.

There are no bills of exceptions, but we gather from the record that there are but two questions demanding review, both raised in the motion for a new trial.

Appellant first requested a new trial upon the grounds of newly discovered testimony, and presents the affidavit of the driver of the bus collided with relative to the presence of a second soldier in the coupe at the time of the collision.

The facts do show that appellant and his companion, both civilians, had contacted a soldier just prior to the charged driving, and had taken some drinks from the soldier's gin, and had given him some from their rum bottle; that this soldier was present when the collision occurred, and was thrown partially from the car by force of the impact. It seems that the witness Everett was not asked at the trial and did not tell of some statement made to him by another soldier passenger on his bus to the effect that another soldier at the scene of the wreck had told the bus driver that a further soldier said that he was in the Plymouth Coupe at the time of the wreck and was thrown clear of the car when the collision occurred.

This newly discovered testimony, in order to effectuate in the granting of a motion for a new trial, should be competent,

material to the issue and probably true, and from it there should appear a reasonable probability that such would change the result. Branch's P. C., p. 124, Sec. 192-199. We fail to see the materially of this testimony, nor its competency. Had such testimony been offered, we are unable to see how it could have affected the result of the trial.

The second offered proposition relates to the conduct of the jury as is evidenced by affidavits of two of such jurors. In such affidavits it is stated that upon consideration of appellant's application for a suspended sentence the first vote of the jurors stood five for a refusal thereof and seven for the granting of such suspension, the two affiants being favorable to such suspension. However, upon a discussion of the effects of the award of a suspended sentence it was thought by some of the jurors that such suspended sentence would last a person throughout his lifetime and could not ever be expunged from the record, therefore, thinking such a punishment to be too severe, affiants voted eventually for a sentence of one year, and a denial of a suspended sentence.

There is no ambiguity present in the jury's verdict as follows:

"We, the jury, find the defendant, Neale Crawford, guilty as charged in the second count of the indictment, and we assess his punishment at confinement in the penitentiary for one (1) year, and we find against him on his application for suspension of sentence. C. R. Sears, Foreman."

The only reason offered in such affidavits for a new trial is the failure of some of the jury to understand the law with regard to the effect of a suspension of sentence. A juror's failure to properly interpret the law, or to correctly construe the law as given in the court's charge, is not a ground for the granting of a new trial. We early held in Johnson v. State, 27 Texas, p. 769, as follows:

"In connection with the objection to the charge, it is insisted that it was, in fact, misconstrued by the jury, and in proof thereof the affidavit of three of the jurymen was presented to the court on the motion for the new trial. Aside from the fact that this is not recognized by the code as a ground for a new trial, we may say that no case has yet occurred in which such affidavits have been tolerated in the courts of this State for the purpose of impeaching a verdict. And when we consider the

wide door which would be thereby opened for improper practices, we would hesitate long, and feel ourselves constrained by imperative necessity for accomplishing the ends of justice, before we could give our sanction to such a practice. Although a few isolated cases may be found in which such affidavits have been received, the better practice seems to have been established in most, if not all the States except Tennessee, to reject them. The question has been before this court heretofore on more than one occasion, and it has been uniformly decided adversely to the appellant. (See Little v. Birdwell, 21 Tex. R. 612; Kilgore v. Jordan, 17 Id. 341.)'' We also call attention to Vernon's Ann. C.C.P., Vol. 2, Art. 686, Note 10 p. 626, for a line of cases based upon the above quotation in Johnson v. State, supra.

We think the trial court acted within its sound discretion in overruling this motion for a new trial, and the judgment is accordingly affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant, in his motion for a rehearing, claims that in the original disposition of this case, we misunderstood his contention. He asserts that he did not mean to impeach the verdict of the jury or that the jury misunderstood or misconstrued the court's charge relative to the effect of a suspension of sentence, but that this contention, then as now, is that the action of the trial court in charging Art. 777, C.C.P., and in failing to instruct the jury in connection therewith relative to Art. 780, C.C.P., was reasonably calculated to and did lead the jury to the conclusion that a suspension of sentence would be a burden upon him for the rest of his life; that therefore, rather than to place such a burden upon him they declined to recommend a suspension of sentence, which resulted in serious injury to him. Since no objection was addressed to the court's charge and no special instruction on the subject was requested, the trial court had a right to assume that he was satisfied with the charge. If he had desired a modification or amplication thereof, he should, in due time, have objected thereto or requested a special charge. Having failed to do either, he cannot, after the verdict has been rendered and received, complain thereof for the first time in a motion for a new trial.

Since this case was submitted, on motion for a rehearing, appellant has filed a supplemental brief in which he asserts that

a discussion by some of the jurors as to the effect of a suspension of sentence constituted new and additional evidence not submitted to them under the ruling of the court, and cites us to the case of Gray v. State, 39 S. W. (2d) 625. That case is readily distinguishable from the instant case. In that case the juror stated that the rooms to which the accused took his wife and the prosecuting witness were rooms in a house of prostitution, occupied by lewd women, and the place had a bad reputation, when there was no evidence of that character introduced upon the trial. In the case of Stallworth v. State, 186 S. W. (2d) 252, other evidence was brought to the attention of the jury while deliberating on the case. In the instant case, this is not true. Here, the only matter brought to the attention of the jury was the probable effect of the suspension of sentence.

Believing that the case was properly disposed of on the original submission, the motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.