MONICO GARZA v. STATE

No. 25613. January 9, 1952.

Hon. Harry M. Carroll, Judge Presiding.

*Pedigo and Wade,* by *Faires P. Wade,* Corpus Christi, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is murder; the punishment, three years.

This appeal was perfected following the effective date of Articles 759 (a) and 760 (c), Vernon's Annotated Code of Criminal Procedure.

There are no formal bills of exception and no index of bills of exception contained in the question and answer statement of facts. The only matter submitted for our review is the refusal of the court to grant a new trial because of alleged jury misconduct.

Because of our disposition of the case, a recitation of the facts will not be necessary further than to say that on the trial appellant testified, admitting the shooting but claiming that the pistol was accidentally discharged, while he was engaged in beating deceased off of him with the weapon.

The amended motion for new trial alleged that the jury received new evidence during their deliberations prior to reaching a verdict from the following statements made by their foreman, Yates, to wit:

1. That he (Yates) was an amateur gunsmith, that the pistol in evidence would require a trigger pull of 40 pounds pressure and could not have been accidentally discharged, as testified to by appellant.

2. That he (Yates) had once had an experience similar to the one related by appellant, but that he had called the police instead of personally intervening, as had appellant; and, in his opinion, appellant should have pursued the same course of action.

3. That he (Yates) had had experience as a peace officer and that he knew that a drunk man could be easily subdued without the necessity of shooting him.

To this motion was attached the affidavits of two jurors, each of which supported the first allegation above, reciting that such statement was made by the foreman during their deliberations and prior to reaching a verdict.

The trial court, in overruling the motion for new trial, cer-

tified as follows: "and although it appears that the statements alleged to have been made by Juror Yates were made *as alleged,* it is nevertheless found by the court that such statements were harmless and that such motion should be overruled".

Here, we have a case where new evidence of a material nature is received by the jury during their deliberations and before reaching a verdict, which requires a reversal. Jones v. State, 136 Tex. Cr. R. 30, 123 S. W. (2d) 656, and cases cited. Adaire v. State, 123 Tex. Cr. R. 605, 60 S. W. (2d) 781, presents a similar fact situation to the case at bar.

For the errors shown, the judgment of the trial court is reversed and the cause remanded.